THE FRANKLIN SUGAR COMPANY V. ALFRED TAYLOR.

CONTRACT — *Performance Within a Year.* Where there were negotiations between a company and T. for his employment as superintendent prior to April 1, 1884, and subsequently he commenced work for the company as superintendent, and on April 10, 1884, entered into a verbal contract with the company to serve as superintendent for the period of one year from April 1, 1884, for twelve hundred dollars, payable monthly, *held,* that the contract as made was one to be performed within a year, and therefore not necessary to be in writing.

*Error from Franklin District Court.*

THE opinion contains a sufficient statement of the facts. At the January Term, 1886, judgment for plaintiff *Taylor* for $176.18 and costs. The defendant *Company* brings the case here.

*Jno. W. Deford,* for plaintiff in error.

*W. Littlefield,* and *C. B. Mason,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Alfred Taylor brought this action against the Franklin Sugar Company to recover the sum of four hundred dollars, alleging that he entered into a verbal contract with the company to take charge of and superintend its cane department for the term of one year, commencing April 1, 1884, at a salary of twelve hundred dollars, payable monthly; that he entered upon the performance of his duties as superintendent in April, 1884; but that on November 30, 1884, without any reasonable cause, he was wrongfully discharged from employment, and was paid only eight hundred dollars. Trial had before the court, with a jury; verdict for the plaintiff. After Taylor had introduced his evidence the company demurred thereto, which demurrer was overruled, and exception taken.

The contention is, that Taylor made a verbal contract for several years' service, to begin at some future time; and there-

fore that his contract was void by the statute of frauds. Tay-
lor testified, among other things, that he had negotiations with
W. L. Parkinson, for the sugar company, at various times
prior to April 10, 1884, as to his employment as superintend-
ent of the company; that on April 10, 1884, it was agreed that
his salary should commence April 1, 1884, and that he was to
receive twelve hundred dollars for the year; that he was in
the service of the company from April 1, as superintendent,
until November 30, 1884, when Parkinson informed him that
the president "wanted to get rid of him to cut down expenses;"
that he continued to work for the company until the 3d day
of December, 1884, when he was discharged; that he was then
offered by the company two dollars and twenty-five cents a
day to work in the mill, but refused so to do; and that he was
ready and willing to perform all the services for which he was
employed during the entire year.

A parol contract will not be adjudged void by reason of
the prohibition of the statute of frauds and perjuries, unless
it affirmatively appears that, fairly and reasonably interpreted,
it does not admit of a performance within the year. (*Sutphen
v. Sutphen*, 30 Kas. 510.)  It appears there was ample evidence
introduced on the part of Taylor that after he commenced
work, the date of April 1, 1884, was fixed as the commence-
ment of his services, and also the date for the commencement
of his pay; and therefore the contract would remain good for
one year from that time.  The court committed no error in
overruling the demurrer to the evidence.  For like reasons,
the court committed no error in the instructions complained
of.  If there were verbal negotiations concerning the employ-
ment of Taylor as superintendent prior to April 1, 1884, yet
after he commenced work a contract was entered into on April
10, 1884, between him and the sugar company that he was to
serve for one year as superintendent, commencing April 1,
for twelve hundred dollars, the contract was clearly to be per-
formed within one year; therefore it was not necessary that it
should be in writing.

It is further contended that the district court erred in ad-

mitting in evidence various letters written by Parkinson to Taylor. It appears that the sugar company was not incorporated until March 21, 1884, and some of the letters were dated prior to that time. One of the letters, however, from Parkinson is dated after the incorporation of the company. Concerning these letters, the court instructed the jury that if they were written before the sugar company was incorporated, they would not bind the company, unless the company with a knowledge of their contents afterward ratified and confirmed them. The testimony shows that the arrangements of the company, as detailed in the letters of Parkinson, were carried out by the company after its incorporation. Urner was made president, Parkinson managing director, and Taylor superintendent of the cane department. This evidence, however, could not have been prejudicial to the sugar company, because it clearly appears from its own evidence that Parkinson was the managing director of the company after its incorporation, and that he was the official of the company having the entire control of hiring and discharging employés.

As there was evidence to sustain the verdict, and as the alleged errors are insufficient to set the verdict aside, or to require a new trial, the judgment of the district court will be affirmed.

All the Justices concurring.