## WOOLDRIDGE *v.* STERN.

### (*Circuit Court, W. D. Missouri, W. D.* May 5, 1890.)

**STATUTE OF FRAUDS—AGREEMENTS NOT TO BE PERFORMED WITHIN A YEAR.**
   A promise to support a child 15 years old until he comes of age is not an agreement "not to be performed within a year," within the meaning of the statute of frauds, since such promise might be fully performed within a year, if the child should die within that time.

At Law. On motion for a new trial.

Action by Elizabeth Wooldridge against Jonas A. Stern. Verdict for plaintiff. Defendant moves for a new trial.

*G. J. Clark* and *C. M. Ingraham*, for plaintiff.

*Saml. Boyd* and *Saml. Davis*, for defendant.

PHILIPS, J.   This is an action predicated on a parol agreement for the support and maintenance of a bastard child, and grows out of substantially the following state of facts:   The child was born to plaintiff in 1872 or 1873, when the plaintiff was about 16 or 17 years old.   The evidence tended to show that defendant was the father of said child. The mother seems to have had the care and burden of the support of the child from its birth up to the year 1887.   After repeated efforts to have the defendant fulfill his alleged promises to assist the plaintiff in its maintenance, and failing therein, the plaintiff visited the defendant at his place of business in Slater, Mo., and insisted that he must either take charge and custody of the child, or provide for its support and education.   The plaintiff's evidence—which the jury, by their verdict, must have credited—was to the effect that the defendant, at the time of this visit, had recently married another person, and that in order to keep the fact of the paternity of this child, and the scandal thereof, from his wife, he then and there promised plaintiff that if she would leave the state, and remain with the child in the state of Colorado, he would pay her what was right, not only for her past trouble with and support of the child, but that he would from time to time send her money to support and educate the child until it was 21 years of age; that thereupon she accordingly took the child to Denver, Colo., where she remained with it, supported and educated it, up to the time of the institution of this suit, in 1889; that the defendant wholly failed to keep his said promise and agreement, for the breach of which this action is brought.   At the conclusion of plaintiff's evidence, the defendant demurred thereto on the ground that such a contract was contrary to public policy and good morals, and that the same was within the statute of frauds, as being a parol contract not to be performed within one year.   The demurrer was overruled.   The jury returned a verdict for plaintiff for $1,050; and the defendant moves for a new trial, urging the same grounds therefor as presented in the demurrer to the evidence.

The first ground of error is practically abandoned by counsel for defendant.   The only real question to be determined is as to the applicability of the statute of frauds to this agreement.   So much of the agreement as refers to the future clearly indicates that its continuance might extend over a period of years.   The contention of plaintiff's counsel is that it was none the less an agreement which might be performed within a year, as its longer continuance depended necessarily upon the contingency of plaintiff's life, as also that of the child.   There is a general *consensus* among text-writers and courts that the term "not to be performed" does not include an agreement not likely to be performed within the year, nor one scarcely expected to be performed within that time; but rather does it purport such agreements which, by a reasonably clear or fair interpretation of all the parts, viewed by the then existing circumstances, do not admit of performance according to the language and intention within so short a period.   Out of this root has grown the recognized rule that, notwithstanding it may have been within the contemplation of the parties that more than one year might be occupied in its

performance, yet if it might, consistently with its terms, be fully performed within that time, the statute does not apply. Such are agreements to pay a given sum of money on the day of the promisor's marriage, to leave money by last will, or to pay during or at the end of a life, or to board one during life, and the like. This rests upon the presumption that it was within the contemplation of the parties to the agreement that the person whose life is concerned may not improbably die within the year; and, on principle, this presumption is extended to other contingencies which are liable to happen or occur within the year, and put an end to the undertaking. Had the agreement in question simply provided that the plaintiff, for a reasonable compensation, should take and keep the child in the state of Colorado for an indefinite length of time, the authorities are generally agreed that such an agreement would be within the rule of exemption from the operation of the statute. *Murphy* v. *O'Sulliran*, 11 Ir. Jur. (N. S.) 111; *Souch* v. *Strawbridge*, 2 C. B. 810; Browne, St. Frauds, (4th Ed.) §§ 274, 276a. But where a limit is fixed to the duration of the agreement, such as the attainment of majority by a minor, the applicability of the statute cannot be said to be so well settled. Browne, in his treatise on the Statute of Frauds, (section 282a,) seems inclined to the opinion that such a contract is within the statute, while Smith's Leading Cases, (8th Ed. vol. 1, p. 619,) on the strength of the authorities, regards such contracts as unaffected by the statute. See Wood, St. Frauds, § 275.

The case of *Peters* v. *Westborough*, 19 Pick. 364, is perhaps the strongest American case in support of the proposition that a parol agreement to pay for the support and maintenance of a minor, then 11 years old, until the age of 18, is not within the statute. The decision is planted broadly on the ground that such a contract is predicated of the contingency of the life of the child, which is presumed in such case to have been within the contemplation of the parties. So that, if the child should die within the year, the agreement would not be avoided, but would be fully performed. The doctrine of this case is reaffirmed in *Lyon* v. *King*, 11 Metc. 411. These decisions are predicated of the language of DENISON, J., [in *Fenton* v. *Emblers*, 3 Burrows, 1279:]

"The statute of frauds plainly means an agreement not to be performed within the space of a year, and expressly and specifically so agreed. A contingency is not within it, nor any case that depends upon contingency."

So in *Ridley* v. *Ridley*, 34 L. J. Ch. 462, it is said the statute "is to be confined to cases where the agreement is not to be performed, and cannot be carried into execution, within the year." The doctrine of *Peters* v. *Westborough* is not touched by the holding in *Hill* v. *Hooper*, 1 Gray, 131. The agreement in that case was that the plaintiff's son, between 15 and 16 years of age, should enter the service of the defendants, and work for them until he arrived at the age of 21 years, in consideration that during the time they would pay to plaintiff for such service, quarter yearly, certain sums, and in addition, semi-annually, certain sums as clothes money, until the boy arrived at the age of 18 years, then

a certain sum semi-annually until he arrived at the age of 20, and then a certain other sum semi-annually until he arrived at the age of 21 years. It is at once apparent, from the statement of facts, that the contract could not possibly be performed within the year. The undertaking of the promisor to make the specified payments was based upon the services to be performed by the minor through a series of years. As such a contract was an entirety, it could not be halved, nor in less degree subdivided; and in such case it cannot be said that the contingency of life was in the contemplation of the parties. This distinction is very aptly illustrated in the case of *McKinney* v. *McCloskey*, 8 Daly, 368, affirmed by the court of appeals, 76 N. Y. 594. The agreement was to support, educate, etc., a boy, 7 years old, until he was 21 years of age, who died during his minority. The opinion directs attention to the important distinction between such a case and one like *Shute* v. *Dorr*, 5 Wend. 204, which was an agreement to pay the sum of $100 for services of a minor until of the age of 21. That was clearly within the statute, because it was to pay a fixed sum for the five-years service. It was indivisible, and could not be performed within one year. So the court, in the opinion, observes:

"There is a material difference between an agreement to pay one certain sum for the whole of a person's services during a fixed period of time, and to pay for the support of a person until he reaches a certain age. In the one case, if the party who is to serve dies before the expiration of the time, the promisor loses the benefit of what he contracted for, as he has received only a part of it. In the other, the death, before the end of the term, of the party to be supported, instead of being a loss to the promisor, is a pecuniary benefit," etc.

The doctrine of the last-named case obtains in Indiana, Maryland, and Kentucky, and, in effect, in New Hampshire, Maine, and Illinois. *Wiggins* v. *Keizer*, 6 Ind. 252; *Hill* v. *Jamieson*, 16 Ind. 127; *Frost* v. *Tarr*, 53 Ind. 390; *Ellicott* v. *Turner*, 4 Md. 476; *Howard* v. *Burgen*, 4 Dana, 137; *Stowers* v. *Hollis*, 83 Ky. 544; *Blanding* v. *Sargent*, 33 N. H. 246; *Hutchinson* v. *Hutchinson*, 46 Me. 154; *White* v. *Murtland*, 71 Ill. 266–268. The case of *Deaton* v. *Railroad Co.*, 12 Heisk. 650, when analyzed, does not conflict with the doctrine of the above authorities. In that case plaintiff's husband was killed by one of defendant's trains. In consideration that she would not sue the company for damages, the company agreed to support and maintain the widow and her three children—all minors—during the life of the widow, and, if she should die before the youngest child became of age, the children should be supported and maintained until that time arrived. The chief justice, who wrote the opinion, expressly recognized the doctrine of *Peters* v. *Westborough*, for he says:

"When the promise is to continue to do something until the contingency occur, as, for instance, to pay during the promisee's life, or to support a child who is eleven years old until she is eighteen, in these cases the promise is not affected by the statute, because the party whose life is involved may die within the year."

The opinion then proceeds to point out the peculiarities of the agreement in question,—that the promise was to support the children, at all events, until the youngest child had become of age:

"It was not to support and maintain the youngest child only until it should arrive at age, but to support the widow until that time, if she should live to that period; and, if she should die before that period, the support of the children was to continue until the youngest should come of age. Hence if the mother and the youngest child should both die within the year, the contract would continue in force until the period when the youngest child would have arrived at age, if it had lived. In other words, the contract was that the monthly amount of the husband's wages should continue, at all events, until the time when the youngest child should become of age, and might continue longer if the widow should live beyond that time. The contract, therefore, could not be performed within the year, except upon the death of the widow and all three of the children within that period."

The idea evidently within the mind of the court was that the occurrence of so many events of death was so extraordinary and improbable that it could not constitute a contingency within the terms of the contract, and that "in such case the performance of the contract is defeated, not completed, upon the occurrence of the contingency." In my humble judgment, much of the confusion in considering the applicability of the statute to these agreements arises from failing to keep in mind the important distinction between a contingency of such a nature as fulfills the obligation, and one that defeats or prevents it from being performed. In other words, it is the distinction between a matter of avoidance, or a defeasance and fulfillment. The one depending upon the defeasance or matter of avoidance is within the statute. The other is not. So it is said in 1 Smith, Lead. Cas. 621: "But there is a manifest distinction between avoidance and fulfillment." After referring to certain cases, it concludes:

"There is, however, no real contradiction between these cases; the *ratio decidendi* in *Souch* v. *Strawbridge,* [*supra*,] being, not that the contract to support the defendant's child was defeasible, but that it depended on the continuance of her life, and might be fulfilled in less than a year if she died."

The case of *Packet Co.* v. *Sickles,* 5 Wall. 580, as shown by the opinion, (page 595,) was based upon the idea of a defeasance; and, thus viewed, there is no conflict in principle between the holding there and the overruling of the motion herein, which is ordered.