### DAVIS McCARDELL V. JOHNCE HENRY.

Decided April 13, 1900.

1. **Failure of Consideration of Note—Evidence Showing—Measure of Damages.**

To an action on a note defendant pleaded failure of consideration, alleging that it was given in part payment for a stock of goods bought by him of plaintiff, and that as additional consideration for such note plaintiff agreed to secure him a line of credit, and later on to enter into partnership with him and surrender the note for his share therein, which plaintiff had failed to do, and by reason of which defendant failed in business and became insolvent and was compelled to make a deed of trust for the benefit of his creditors. Defendant's evidence supported his answer, and the plaintiff, besides denying the alleged undertaking, introduced much testimony contradicting that for the defendant. Held, that a verdict for defendant would not be set aside on appeal as contrary to the evidence; and that while his evidence as to his damages was not explicit, the amount of the note afforded an obvious measure of the damages he had sustained.

2. **Same—Tender Back of Goods.**

It was not necessary, to entitle the defendant to defeat the collection of the note, for him to offer to return the goods sold him by plaintiff, he having shown that the business was prudently managed by him, and the goods lost not through his fault but by reason of plaintiff's failure to comply with the agreement.

3. **Opening and Conclusion—Bill of Exceptions—Presumption on Appeal.**

Where it is not shown by the bill of exceptions that the admissions, which District Court Rule No. 31 requires to be made and entered of record in order to entitle the defendant to open and conclude, were not so made and entered, the presumption on appeal is that everything was done to entitle the defendant to that right, and that the court below ruled correctly in awarding him such right.

APPEAL from Polk. Tried below before Hon. L. B. HIGHTOWER.

*Holshousen & Feagin,* for appellant.

*Hill & Hill,* for appellee.

GARRETT, CHIEF JUSTICE.—Davis McCardell, the appellant, brought this suit in the District Court of Polk County, April 25, 1894, against Johnce Henry to recover upon a promissory note executed by

Henry and payable to the order of McCardell. The note is dated December 19, 1891, and was due January 1, 1893, with interest at the rate of 10 per cent per annum from January 1, 1892. It is for the sum of $910, and 10 per cent additional if placed in the hands of an attorney for collection. It has a credit of $21.20 paid by appellee on January 1, 1893.

Appellee answered, admitting the execution of the note, and pleaded under oath that the consideration therefor had failed, and that he was not indebted to the plaintiff. The facts set out in the answer were, that the plaintiff and defendant had entered into a contract at the time the note was executed by which the defendant bought a stock of goods from the plaintiff for the sum of $1820, in consideration of which the plaintiff agreed to procure for the defendant in the mercantile business to be thereafter conducted by him a line of credit with other merchants to the extent of $2500; and later on, before the end of the summer of 1892, that plaintiff would enter into partnership with the defendant and surrender and cancel the note sued on for his share in said partnership. It was alleged that the plaintiff had violated his said agreement to procure for the defendant said line of credit and to enter into partnership with him; and that by reason thereof the defendant failed in his business and became insolvent. Other apt averments were made in said answer which, as held on the former appeal of this case, showed a cause of action against the appellant for a breach of contract. Henry v. McCardell, 15 Texas Civ. App., 497. The last trial was had in accordance with the decision of this court on the first appeal, and resulted in a verdict and judgment for the defendant.

Defendant's evidence showed that on the date of the execution of the note sued on the plaintiff, Davis McCardell, was doing business as a merchant in the town of Livingston, Polk County, and that the defendant was his clerk and bookkeeper. Plaintiff proposed to sell his stock of goods to the defendant, and on the objection of the defendant that he was poor and had no credit with which to continue the business, the plaintiff promised him that if he would buy the stock plaintiff would procure for him a line of credit with other merchants to the extent of $2500, and that during the coming season and before the end of summer he would enter into the business with the defendant as a partner, and for his interest in the partnership would surrender and deliver up to the defendant one of the two notes which it was proposed that the defendant should give for the goods last maturing. That the defendant then consented to purchase the goods and to undertake the business upon these terms. That the value of the goods was ascertained by adopting an inventory thereof which had been taken not long before that time with 33⅓ per cent off, and as thus arrived at was $1820; that it was understood, however, that the inventory had been made above cost price for the purpose of making a showing to McCardell's creditors, and it was agreed that a new inventory should be taken and the difference should be credited on the first note. That notes were to be given so as to enable the

plaintiff to use them in settling with his creditors and getting time on what he owed. That defendant executed two notes for $910 each for the goods thus sold to him. The first note he had paid, and the other note is the one upon which this suit is brought. That repeated y after the sale of the goods to him the defendant had requested and demanded of the plaintiff to procure for him the line of credit which he had undertaken to do, but that plaintiff failed to obtain it for him; that he had also requested the plaintiff to bring in and surrender the note sued on and enter into partnership with the defendant as he had agreed to do, but that the plaintiff failed and refused to do so. It further appeared from the defendant's evidence that he conducted the business prudently, gave it his personal attention, and endeavored to make a success of it, and put into it the sum of $225 in cash and a few other goods which he obtained credit for, but that for the want of credit and the failure of the plaintiff to assist him, he finally became insolvent and was compelled to make a deed of trust for the benefit of his creditors. He testified that the true value of the goods bought from plaintiff was not over $1200; that he had been damaged by reason of McCardell's failure to comply with his contract in at least the sum of $1000; that he knew that. There was much testimony contradictory of that introduced in behalf of the defendant. The plaintiff denied that he had undertaken to furnish defendant the line of credit or to enter into a partnership with him, or that another inventory was to be taken. It was shown that he was embarrassed and in debt at the time of the sale, and used the notes as collateral in settlement with creditors; and that in his deed of trust the defendant mentioned as debts both of the notes that he had executed to the plaintiff. We do not undertake to set out all the testimony, but only enough of that which is most material to show that the verdict of the jury is supported by the evidence. If the defendant's version of the facts is true, and in support of the verdict of the jury we find it to be true, the plaintiff had agreed to bring in the note sued on and enter into partnership with the defendant. This he failed to do. This failure and the failure to procure for the defendant the line of credit caused his insolvency, though, as we are bound to believe from the verdict of the jury, he conducted the business with prudence. It was shown that the amount of the first note was drawn out of the business in the extension of credit at the request of McCardell in advance of the maturity thereof. While the evidence as to damage is not explicit, it appears that the note sued on should have been surrendered and that the goods represented by it were lost in the venture which the plaintiff failed to support as he had agreed, and without a fault on defendant's part. The amount of the note was an obvious measure of the damage sustained by reason of the plaintiff's failure to enter into the partnership. We can not sustain appellant's assignment that the verdict is contrary to the evidence.

Appellant's special exceptions as set out in his second, third, and fourth assignments were properly overruled. Henry v. McCardell, supra.

Those urged in the fifth and sixth assignments become immaterial in view of the charge of the court directing the jury that in no event could the defendant recover damages for loss of profit in his business. The charge of the court fairly submitted the issues to the jury, and was not obnoxious to the objection urged in the proposition under the seventh, eighth, and ninth assignments. It was not necessary to entitle the defendant to defeat the collection of the note sued on for him to offer to return the goods sold to him by the plaintiff upon the latter's failure to comply with his agreement to furnish the line of credit, it having been shown that the business was prudently managed and the goods lost without fault on the part of the defendant; hence there was no error in the refusal of the court to give special charge number 1 requested by the appellant, as set out in the twelfth assignment of error.

If there was error in the action of the court in adjudging the opening and conclusion of the argument to the defendant, it is not shown by the bill of exceptions reserved. The bill of exceptions does not show that the admissions required by rule 31 for the District Court were not made and properly entered of record, and in the absence of such a showing the presumption is that everthing was done to entitle the defendant to that right, and that the court below ruled correctly. Jacobs v. Hawkins, 63 Texas, 3. There is neither proposition nor statement under the nineteenth assignment, and it will be treated as abandoned and disregarded. We find no error in the record for which the judgment of the court below should be reversed, and it will therefore be affirmed.

*Affirmed.*

Writ of error refused.