## C. T. SHROPSHIRE v. E. H. ADAMS.

Decided October 19, 1905.

**1.—Broker—Double Agency—Compensation.**

It is generally true that the double agency of a real estate broker, undertaking to represent the vendor and vendee, will not be countenanced; but the objection to such agency disappears when each party knows of and assents to the double employment.

**2.—Contract—Statute of Frauds.**

A contract of partnership to be begun within a year is not within the statute of frauds.

**3.—Contract of Partnership—Breach—Measure of Damage.**

S. agreed to purchase one thousand head of good cows and furnish pasturage from them for five years. A. was to manage, care for and control them for that length of time; at the end of that period the stock and its increase was to be divided, one-fourth to A. and three-fourths to S. S. refused to purchase the cows, or in any way to consummate the contract. Held, the measure of damage was the value of one-fourth the cows which S. refused to furnish. The value of the original stock and their increase at the end of five years was too speculative and uncertain to be used as a measure of damage.

**4.—Contract—Quantum Meruit.**

A party will not be permitted to accept valuable services rendered under a contract, and then escape liability on the ground that the contract was unlawful.

ON MOTION FOR REHEARING.

**5.—Practice.**

Where a general demurrer is erroneously sustained the fact that valid special exceptions were also urged will not justify an affirmance.

Appeal from the District Court of Harris County. Tried below before Hon. W. P. Hamblen.

*Lane & Higgins,* for appellant.—The double agency of a real estate broker, for both vendor and purchaser, is unobjectionable where both parties authorize, consent to and approve of the same, with full knowledge of all the facts, and neither principal can escape responsibility to the agent for the compensation agreed upon because of such double employment. Bell v. McConnell, 37 Ohio St. Rep., 396; s. c., 41 Am. Rep., 528; Alexander v. Northwestern Christian University, 57 Ind., 466; Rowe v. Stevens, 53 N. Y. Rep., 621; Pugsley v. Murray, 4 E. D. Smith (N. Y. Com. Pleas), 245; Duryee v. Lester, 75 N. Y., 444; Fitzsimmons v. Southern Exp. Co., 40 Ga., 330; s. c., 2 Am. Rep., 577; Rupp v. Sampson, 16 Gray, 398; s. c., 77 Am. Dec., 416; Farnsworth v. Hemmer, 1 Allen, 494; s. c., 79 Am. Dec., 756, and note by Judge Freeman, p. 758; Walker v. Osgood, 98 Mass., 348; s. c., 93 Am. Dec.,

168, and note by Judge Freeman, p. 177; Finnerty v. Fritz, 5 Colo., 174; De Steiger v. Hollington, 17 Mo. App., 382; Capener v. Hogan, 40 Ohio St. Rep., 203; Mechem on Agency (1st ed.), vol. 1. para. 67 and 643; Am. & Eng. Ency. Law (2d ed.), vol. 1, p. 1113; Lawson on Cont., par. 181; Parsons on Cont. (7th ed.), vol. 1, p. 87, note 3; Story on Agency, par. 31; note by Freeman to Potter's Appeal, 7 Am. St. Rep., 280.

The compensation agreed to be made by defendant was much more valuable than that offered by Masterson, and defendant, by his representations to plaintiff of his consent and approval of plaintiff's acceptance of Masterson's less valuable offer, would bar and estop defendant from denying plaintiff's right to recover the more valuable compensation agreed to be paid by defendant. Morris v. Gaines, 82 Texas, 255; Bigelow on Estoppel (4th ed.), p. 445.

The statute of frauds does not apply when the agreement is of such a character that either party thereto may perform his part thereof within a year, though the other party can not, and, under the most unfavorable construction of the contract declared upon by Shropshire, it would still fall clearly within this rule which upholds its validity, notwithstanding the statute. Miller v. Roberts, 18 Texas, 16; Erwin v. Hayden, 43 S. W. Rep., 611; Westfall v. Perry, 23 S. W. Rep., 741; McDonald v. Home Bitters Co., 1 W. & W. App., p. 1159; Donellan v. Read, 3 B. & Ad., 899; Berry v. Doremus, 30 N. J. Law, 399; McClellan v. Sanford; 26 Wis., 595; Washburne v. Dorsch (Wis.), 32 N. W. Rep., 551; Smalley v. Greene, 52 Iowa, 241; s. c., 3 N. W. Rep., 78; Atchison, T. & S. F. Ry. Co. v. English (Kan.), 16 Pac. Rep., 82; Dant v. Head (Ky.), 13 S. W. Rep., 1073; Blanding v. Sargent, 33 N. H., 239; Perkins v. Clay, 54 N. H., 518; Durfee v. O'Brien (R. I.), 14 Atl. Rep., 857; Rake v. Pope, 7 Ala., 161; Johnson v. Watson, 1 Ga., 348; Holbrook v. Armstrong, 10 Me., 31; Ellicott v. Turner, 4 Md., 476; Curtis v. Sage, 35 Ill., 22; Sugget v. Cason, 26 Mo., 221; Cole v. Singerly, 60 Md., 348; Bell v. Hewitt, 24 Ind., 280; Winters v. Cherry, 78 Mo., 344; Bates v. Moore, 2 Bailey (S. Car.), 614; Compton v. Martin, 5 Rich. Law (S. Car.), 14; Cherry v. Hemming, 4 Exchq., 631; Miles v. New Zealand Co., 54 Law J., 1040; Bracegirdle, 1 B. and Ald., 726; Seddon v. Rosenbaum, 3 L. R. A. (Va.), 337.

Plaintiff's petition shows a full compliance by him with his obligation under the contract declared upon and rendition of services thereunder, and the statute of frauds does not apply when the consideration for the agreement not performable within the year has been paid or executed. Coyle v. Davis, 20 Wis., 564; Jilson v. Gilbert, 26 Wis., 637; Elicott v. Peterson, 4 Md., 488; Baydell v. Drummond, 11 East, 142; Wolke v. Fleming, 2 N. E. Rep., 325; Parks v. Francis, 50 Vt., 626; Tuttle v. Swett, 31 Me., 555; Houghton v. Houghton, 14 Ind., 505; Piper v. Fosher, 23 N. E. Rep., 269; Haugh v. Blythe, 20 Ind., 24; Thomas v. Armstrong, 5 L. R. A. (Va.), 529.

The only continuing obligation beyond January 1, 1903, of defendant, Adams, under the contract declared upon, was to pay the current expenses of handling and caring for the cattle, to provide pasturage therefor, and permit plaintiff to control the same, and was, in fact, substantially a contract of partnership. The contingency of his death

after January 1, 1903, but within a year from the making of the contract, would have performed his part of the agreement, as it would have operated as a dissolution of the partnership, thus bringing his part of the agreement within the contingency that he might have performed the same within the year. Weatherford, M. W. & N. W. Ry. v. Wood, 88 Texas, 191; Taylor v. Deseve, 81 Texas, 246; Atchison, T. & S. F. Ry. v. English, 16 Pac. Rep., 82.

If it be held that the agreement upon the part of defendant to compensate plaintiff is within the statute of frauds, and that an action for breach thereof can not be maintained, then the plaintiff is entitled to recovery upon a quantum meruit the value of his services. Thouvenin v. Lea, 26 Texas, 612; Taylor v. Deseve, 81 Texas, 246; Robb v. San Antonio St. Ry. Co., 82 Texas, 392; Equitable Mfg. Co. v. Weddington, 21 S. W. Rep., 576; Schultz v. Schirmir, 49 S. W. Rep., 246; Milburn, etc., v. Tucker, 3 W. and W., par. 454; Sutherland on Dam., vol. 2, p. 453; Parsons on Cont., 6th ed., vol. 3, pp. 37 and 42; Brown St. Frauds, par. 118.

*J. V. Meek* and *W. H. Haynes,* for appellee.—That an agent can not accept employment from both seller and buyer and demand compensation from both, cited: Tinsley v. Penniman, 34 S. W. Rep., 365, and authorities therein cited; Armstrong v. O'Brien, 83 Texas, 648.

That the contract sued on was void under the statute of frauds: Ray v. Young, 13 Texas, 50; Keyser's Appeal, 124 Pa. St., 80.

The court did not err in sustaining the general demurrer to the sixth paragraph of the appellant's petition, wherein he sought to recover upon a quantum meruit for the alleged services rendered, for the reason: "Where a cause of action upon a special contract for services is joined in the same complaint with a cause of action upon a quantum meruit, the two causes of action should be separately stated, and each should contain a complete statement of facts sufficient to constitute a cause of action." Ency. Plead. & Prac., vol. 22, p. 1364 (par. 2); Dunn v. Price, 87 Texas, 321; Pipkin v. Horne, 68 S. W. Rep., 1000; Jones v. Brazile, 1 Texas App. C., 721; McCormick v. Bush, 47 Texas, 195.

GILL, CHIEF JUSTICE.—C. T. Shropshire sued E. H. Adams to recover damages for breach of a contract. He has appealed from a judgment sustaining a general demurrer to his petition and here complains of the action of the trial court. The following is a substantial statement of the material facts of the petition:

Plaintiff averred that at the request of E. H. Adams he undertook to find a purchaser for certain land belonging to Adams at a price satisfactory to him. That in consideration of his bringing about such a sale Adams promised to furnish money sufficient to purchase one thousand head of good cows (to be owned jointly by plaintiff and defendant), to furnish pasturage for them for five years, the plaintiff to manage, care for and control them in the meantime, and that at the end of five years the stock and its increase should be divided one-fourth to plaintiff and three-fourths to defendant. The cattle were to be purchased before January 1, 1903.

There is no allegation as to what would have been the cost of the

one thousand head of good cows, the value of the pasturage, the value of the plaintiff's services in caring for and controlling them for five years, or the probable increase either in numbers or value at the end of that time.

Appellant further averred that he undertook the sale of the land for Adams and thereafter reported to him that H. Masterson wished to purchase it and had offered him, Shropshire, $5,000 in cash in case he, Shropshire, would bring about the purchase. That Adams assented to plaintiff's acceptance of the joint employment by Masterson, and said he would be glad to see Shropshire make that sum, and that his acceptance of it would in no wise interfere with plaintiff's contract with defendant. That thereafter plaintiff brought Adams and Masterson together and the latter purchased the land for $110,000 and Adams executed a conveyance. That Masterson at all times knew of plaintiff's contract with defendant and paid plaintiff the $5,000 promised him, but defendant has refused to furnish the money to buy the cattle, and has wholly repudiated his agreement. That his interest in the cattle at the end of five years would have been worth $15,000 for which sum he sues.

He prays in the event he is not allowed to recover for the breach of the cattle contract, he be awarded the reasonable value of his services to plaintiff in bringing about the sale of the land, the value being placed at $15,000.

To this petition defendant interposed a general demurrer which was sustained and plaintiff refused to amend.

Defendant here contends that the petition stated no cause of action for these several reasons:

First.   Because it shows upon its face that plaintiff had forfeited his right to compensation from Adams by accepting the inconsistent employment for the same purpose from the purchaser, Masterson.

Second.   Because the cattle contract was void under the statute of frauds because not performable within one year.

Third.   Because, if the contract is valid, the measure of damage sued for is not applicable under the law; and

Fourth.   He can not in any event recover on a *quantum meruit* because he alleges a specific contract by which the parties bound themselves as to the compensation he should receive.

We are of opinion the first objection to the petition is not sound. It is generally true that the double agency of a real estate broker undertaking to represent the vendor and vendee will not be countenanced but the objection to such agency disappears when each party knows of and assents to the double employment. Am. & Eng. Ency. Law, vol. 1, page 1113.

In our opinion the second objection is equally without merit. Under the allegations of the petition the compensation promised the plaintiff by defendant was the formation of a partnership with him in the ownership, handling and ultimate disposition of one thousand head of cattle. For the purchase of these defendant was to furnish the money, and they were to embark in the enterprise by January 1, 1903. It is thus apparent that the promised partnership relation was to be established within the year, and to that extent at least the statute of frauds had no application. The enterprise once begun the defendant, accord-

ing ·to the agreement, would have owned an undivided three-fourths interest in the cattle, and the plaintiff the remaining one-fourth. From that time the rights and relations of the partners would have been controlled by the terms of the partnership agreement. That is to say, the defendant must ·have furnished pasturage. If he failed or refused to do so, the plaintiff might have procured it at his expense, or terminated the partnership and claimed his interest in the stock. If the plaintiff had failed or refused to perform his duty in caring for and managing the stock, defendant could have terminated the partnership relation. It follows on this view of the case that immediately upon the purchase of the cattle plaintiff would have become interested therein to the extent of an undivided one-fourth.

Inasmuch as the death of either party would work a dissolution of the partnership (22 Ency. Law, p. 199), it follows also that the contract of partnership was not within the statute of frauds. Weatherford, M. W. & N. W. Ry. Co. v. Wood, 88 Texas, 191.

It follows further from what has been said, that as the cattle were never purchased, and the partnership never in fact begun, the obvious measure of plaintiff's damage was the value of two hundred and fifty head of "good cows," if the descriptive words "good cows" had a meaning definite enough to enable the court to ascertain their value.

Had the contract for compensation been void plaintiff would have been entitled to recover upon a *quantum meruit*. The defendant would not be permitted to accept his valuable services and escape all liability on the ground that he had not bound himself by a lawful contract. Thouvenin v. Lea, 26 Texas, 615.

As, however, the contract by which defendant undertook to compensate the plaintiff for his services in selling the land was valid, plaintiff can not recover on a *quantum meruit,* but may hold the defendant only as he bound himself. The defendant did not promise to pay the plaintiff what his services were reasonably worth, but promised him a definite thing.

The plaintiff did not seek to recover a sum equal to his interest in the cattle at the time they were to be purchased. Neither did he state any fact from which the court might ascertain what their value would have been either per head or in the aggregate. The pleader contented himself with the allegation that at the end of five years his interest in the cattle would have been worth $15,000, and when this was held to state no cause of action he refused to amend.

The only question which remains to be determined is whether under the facts stated the plaintiff was entitled to recover a sum equal to what his interest would have been at the end of the five years.

Unquestionably he is unless the measure of damage upon which he seeks to recover is too speculative and uncertain to be safely adopted. Under plaintiff's pleadings as they stand the court would be confined in its inquiry to what plaintiff's interest in the cattle would have been worth at the end of five years. This sum would have depended on the number and value of the increase added to the number and value of the original stock alive and undisposed of at that time. To our minds it would be impossible (in view of the many contingencies upon which the result would depend) to make even an approximate

guess. The court would be called on to speculate on the number and value of calves unborn. To speculate on the number of the original stock and the increase which would survive the five years, and to guess what the market price will be at that time. It is difficult to imagine an inquiry depending on so many uncertainties.

Future profits as an element of damage are in no case excluded merely because they are profits but because they are uncertain. In any case when by reason of the nature of the situation they may be established with reasonable certainty they are allowed. But when future profits are in a given case for any reason difficult of proof, and a standard by which to measure them difficult, if not impossible, to find, and the facts of the case furnish a safe and obvious measure of compensation, the court will seize upon and apply the latter even though it may fall somewhat short of full compensation. 8 Ency. Law, p. 612; McCardell v. Henry, 23 Texas Civ. App., 383.

It is clear to us that for the breach of the contract to furnish the money to buy the cattle there is an obviously safe and reasonably ample measure of damage suggested by the facts, namely, a sum equal to one-fourth the cost of the cattle and interest to the date of recovery.

As to the other obligations in the contract, they were clearly designed to offset each other. The plaintiff's management and care of the thousand head to offset the pasturage to be furnished by defendant.

Because the petition furnishes the court with no basis for ascertaining the value of the cattle and applying the proper measure of damages the trial court did not err in sustaining the general demurrer. The judgment should therefore be affirmed and it is so ordered.

*Affirmed.*

### ON MOTION FOR REHEARING.

We are of opinion we were in error in holding that the petition of appellant was subject to the general demurrer.

While the objections held good against it in the main opinion are sound, it is nevertheless true that the facts were stated, a wrong alleged and consequent injury, with prayer for general relief; and we are now convinced that what was said by us in regard to the failure to allege a specific measure of damage, or to pray for the value of the cattle, would properly apply to a special exception addressed to that portion of the petition rather than a general demurrer addressed to the entire pleading.

Where a general demurrer is erroneously sustained the fact that valid special exceptions were also urged will not justify an affirmance.

The motion is therefore granted, the judgment of the trial court reversed, and the cause remanded for trial on the merits.

*Reversed and remanded.*