### THOMPSON v. LUTZ. (No. 1813.)

(Court of Civil Appeals of Texas. El Paso. Nov. 19, 1925. Rehearing Denied. Dec. 17, 1925.)

1. Limitation of actions  &#9552;&#9552;&#62;40(2) — Vendor and purchaser &#9552;&#9552;&#62;306—Defendant in suit on purchase-money note may set up fraud practiced by vendor; limitations inapplicable to defense of fraud.

In suit on purchase-money note, it is permissible, by way of plea of failure of consideration, to set up damages resulting from fraud practiced by vendor on vendee with respect to subject-matter of contract, and as to such matter statute of limitations has no application.

2. Pleading &#9552;&#9552;&#62;205(3)—Unverified plea not a nullity, and defect waived unless specially excepted to; such defect not being reached by general demurrer.

In action on purchase-money note, defendant's plea of failure of consideration was not a nullity because unverified, but such defect was waived unless specially excepted to; a general demurrer not reaching such defect.

3. Pleading &#9552;&#9552;&#62;422—Plaintiff not excepting or objecting to plea for want of verification, thereby waived such defect.

Where defendant filed unverified plea, and plaintiff did not except or object to plea for want of verification, such defect was waived, and sustaining of general demurrer to such plea was fundamental error.

4. Appeal and error &#9552;&#9552;&#62;1040(3)—Where general demurrer improperly sustained, affirmance not justified because some special exceptions properly sustained.

That some of special exceptions were properly sustained by court will not justify an affirmance, where a general demurrer has been improperly sustained.

5. Pleading &#9552;&#9552;&#62;363—Striking portion of answer to which no exception leveled held error.

In action on purchase-money note, where damages resulting from false representations by vendor were sufficiently pleaded as defense, striking portion of answer to which no exception was leveled, alleging that plaintiff was not innocent purchaser, was error.

Appeal from District Court, Pecos County; C. R. Sutton, Judge.

Action by J. W. Lutz against George Thompson. Judgment for plaintiff, and defendant appeals. Reversed and remanded for retrial.

See, also, 259 S. W. 1108.

T. Wesley Hook, of Gordon, and R. D. Blaydes, of Ft. Stockton, for appellant.

Howell Johnson, of Ft. Stockton, and McKenzie & Loose, of El Paso (R. D. Wright, of Laredo, and Wright & Matthews, of San Angelo, of counsel), for appellee.

HIGGINS, J. Lutz sued Thompson upon a promissory note of the latter given in part payment for land; the note being payable to the Zimmerman Land & Irrigation Company, the vendor of the land. He alleged that he was the owner of the note and lien by indorsement of the payee as well as by separate written assignment. Judgment upon the note and foreclosure of the lien was sought.

Thompson answered by plea in abatement because of a defect in a party defendant, a general demurrer and general denial; also by a lengthy special answer. In the answer he denied the genuineness of the indorsement and assignment pleaded by the plaintiff, and made the affidavit of forgery as required by article 588, Complete Tex. St. 1920, or Vernon's Sayles' Ann. Civ. St. 1914. He further

pleaded that, if the plaintiff was the owner of the note, he was not an innocent purchaser for value before maturity.

The plaintiff filed numerous exceptions, general and special, to the various sections of the answer, all of which were sustained, and the entire answer of the defendant stricken out, except his general demurrer and general denial.

A verdict in favor of the plaintiff was returned in accordance with a peremptory instuction.

The plaintiff's general demurrer to the plea attacking the genuineness of the indorsement and separate assignment of the note and lien was sustained. Upon what ground this action was predicated we are not advised and no reason occurs to us why such demurrer should have been sustained. It was fundamental error to do so, and requires reversal.

[1] This suit is to recover upon a purchase-money note. In such a case it is permissible, by way of a plea of failure of consideration, as defensive matter, to set up damages resulting from fraud practiced by the vendor upon the vendee with respect to the subject-matter of the contract, and as to such matter the statute of limitation has no application. Mason v. Peterson (Tex. Com. App.) 250 S. W. 142.

[2] While unskillfully drawn, the special answer, as against the general demurrer sustained by the court, sufficiently pleaded, in abatement of the obligation sued upon, damages resulting from false and fraudulent representations concerning the available water supply for irrigating the land in part payment for which the note was given. Appellee in his brief does not controvert the rule of law that appellant could thus plead in abatement of the purchase price, but says that this portion of the answer availed the defendant nothing because not verified. But an unverified plea of failure of consideration is not a nullity. Unless specially excepted to for want of verification, such defect is waived. A general demurrer will not reach it. Nasworthy v. Draper (Tex. Civ. App.) 28 S. W. 564; Ashcroft v. Stephens, 16 Tex. Civ. App. 341, 40 S. W. 1036; Chapman v. Fennessy (Tex. Civ. App.) 262 S. W. 185; Ry. v. Jackson (Tex. Civ. App.) 86 S. W. 47; Farris v. United States Fidelity & Guaranty Co. (Tex. Civ. App.) 251 S. W. 612; Citizens' Garage Co. v. Wilson (Tex. Civ. App.) 252 S. W. 186.

[3] There was no exception, or other objection to the plea for want of verification, and such defect was therefore waived. The sustaining of a general demurrer to the portion of the answer setting up damages resulting from the fraud stated was therefore error.

[4] Some of the special exceptions were properly sustained by the court, but that will not justify an affirmance where a general demurrer has been improperly sustained. Shropshire v. Adams, 40 Tex. Civ. App. 339, 89 S. W. 448.

[5] Though no exception was leveled against that portion of the answer setting up that plaintiff was not an innocent purchaser for value before maturity, this also was stricken out according to the court's order. This was error in view of the sufficiency of the defense in the particular pointed out above.

For the errors indicated, the judgment is reversed, and the cause remanded for retrial.