## SHUMAKE v. HAWKINS.
### No. 12805.

Court of Civil Appeals of Texas. Fort Worth.

March 18, 1933.

Rehearing Denied April 15, 1933.

A. H. Carrigan, of Wichita Falls, for appellant.

Taylor, Muse & Taylor, of Wichita Falls, for appellee.

CONNER, Chief Justice.

This suit was instituted by the appellant and went to trial upon an amended original petition filed March 5, 1932, in which the plaintiff alleged that on or about July 20, 1930, he had orally leased to the defendant a farm in Clay county, Tex., for the crop year beginning August 1, 1930, and ending December 31, 1931; that the leased land consisted of about 600 acres; that the defendant was to cultivate the land and plant it in wheat and oats in the fall of 1930 and in cotton and corn in the spring of 1931 and to pay plaintiff rent therefor in the usual third and fourth of said crops; that plaintiff was required to only furnish defendant the land, and was to be at no expense in planting and cultivating said crops for said period. It was further alleged that the defendant had complied with his contract in cultivating the lands, and had paid to the plaintiff the crop rent for the period named.

Plaintiff further alleged that on or about the 1st of August, 1930, he had furnished the defendant as his tenant money, animals, tools,

and supplies to make a crop on said premises for the period of the lease, such furnishing being necessary to enable defendant to make and harvest his crops; that on or about, to wit, August 1, 1930, the plaintiff orally sold to defendant for the purposes stated ten mules for the aggregate price of $810, and certain personal property, consisting of farm machinery, etc., for the aggregate price of $1,394.45, for all which the plaintiff prayed judgment with a foreclosure of his landlord's lien on the crops raised by the defendant on the premises and on the ten mules and farm tools so sold.

There were other claims sued upon by appellant which are not material to the present appeal, having been adjusted by the judgment, and as to which no question is raised.

The defendant answered, admitting his indebtedness of $810 for the value of the mules, and also admitted that he was indebted for tools and machinery to the extent of $250, but among other things specially pleaded that in July, 1930, the plaintiff had by oral contract leased the premises described in plaintiff's petition for the full period of 5 years, within which time plaintiff, at the time of the sale, agreed that he (defendant) might pay for the mules and farm machinery for which plaintiff sought to recover. The defendant also pleaded in abatement, alleging "that the suit for the recovery of said property is not past due at this time, and will not be past due until August 1, 1935, and that by reason of the same and all of the hereinbefore alleged facts that the plaintiff is estopped from the demanding the payment of the same at this time, and said suit for said sum should be abated in all things as prematurely instituted."

In reply the plaintiff pleaded a general denial and the statute of frauds.

The case was submitted to a jury upon special issues, in answer to which the jury found the value of the separate pieces of farm machinery and of the mules, and further that: "When W. D. Hawkins bought the mules and other personal property mentioned on or about August 1, 1930, was it agreed between him and C. J. Shumake that W. D. Hawkins should have five years within which to pay for same? Answer: Yes."

Upon the answer quoted the court set aside the jury findings as to the value of the farm machinery and mules, and upon the verdict entered his judgment sustaining the plea in abatement on the ground "that the plaintiff's cause of action will not be due until the first day of August, 1935." It was accordingly decreed that the cause of action for the mules, machinery, etc., be dismissed "without prejudice to plaintiff to hereafter recover the value of the same and it is here decreed that the recovery for said personal property will not be past due until August 1, 1935." From the

judgment and decree so rendered the plaintiff duly prosecuted this appeal.

The validity of the oral lease of the farm described in the plaintiff's petition is not questioned on this appeal, and it is agreed by both parties to the appeal that the only question for our determination is whether the oral contract for the payment of the mules and farm machinery is in violation of the statute of frauds.

Article 3995, so far as pertinent, reads that "no action shall be brought in any court in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized: * * * 5. Upon any agreement which is not to be performed within the space of one year from the making thereof."

The evidence shows that the defendant had been a renter of the farm involved in this litigation for 5 years preceding the date of the alleged 5-year lease. As to this contract the plaintiff testified as shown in the following quotation that the rental contract was from year to year, to wit:

"Q. What happened at the end of that year? A. Well he says what are you going to do with me, have I given you satisfaction. I says, yes, I says, well you can have it for another year.

"Q. How about the next year? A. Well so on each year.

"Q. State to the jury whether or not you ever rented to him for more than a year at a time. A. Never.

"Q. Now then, in the summer of 1930, when you rented your said farm to the defendant, state to the jury whether or not you rented it for more than a year. A. One year at a time.

"Q. Did you rent it for the crop year of 1930 for more than one year? A. I did not."

J. O. Hawkins, son of the defendant, testified on the same subject as follows:

"Q. Just state the conditions under which the stock was to be paid. A. He agreed to let us have it more than one year. It was a five year pay contract. We didn't figure we would have time to pay for all that on one year's terms.

"Q. Was there any time set? A. Yes, sir.

"Q. What was it? A. Anywhere between a one and five year contract."

The witness W. D. Hawkins, testifying in his own behalf with regard to the contract, testified as follows:

"Q. In 1930, July or August, did you have any contract for the years of 1930 and 1931, beginning August, 1930? A. Yes, sir. I think it was about August 10th, I think it was maybe a little earlier than that. He wanted

to change up and get off the half crops, sell his teams and everything and quit furnishing anybody anything and he proposed to me to sell out these materials and let me rent it all on a third and fourth.

"Q. What about the machinery? A. Them farm tools? I had to buy farm tools and machinery and all to buy 6 mules. * * *

"Q. What was the agreement, that is what I want you to tell the jury the payment of it, how it was to be paid. A. Well he first wanted it all in one year and I told him that we couldn't take it that way, that we just would not be able to furnish the machinery and rent the whole farm of about 700 acres. He told me that he would give me more time and I asked him how much more and I told him I could not take it unless I could get it in 5 years, buy that much stuff and the rest of the stuff I would have to have. He first said he would have to go and talk it over with his children. He went off and in about four or five days he came back and we closed it, he was to let me have it for 5 years, teams, tools and everything else.

"Q. What was said between you and Mr. Shumake with reference to which you were to pay it out of the crops or how you were to pay it? A. Pay it out of the crops each year.

"Q. After you made it? A. Yes, sir.

"Q. When he came back five days later and you closed and agreed on the purchase of this machinery, was it then or later you bought the 4 mules? A. I think it was the same day, maybe a day later, just 4 or 5 days difference in the sale.

"Q. With reference to the 4 mules were the terms to be the same? A. Yes, sir. I purchased them four mules, they was to go into Bailey Moline on a Farm-All Tractor."

 It is held that, in the absence of some positive law to the contrary, the right of contract is a necessary incident to the right to hold and own property, and the law recognizes the right of parties to contract with relation to property as they see fit, provided they do not contravene public policy and that their contracts are not otherwise illegal. 10 Texas Jurisprudence, p. 16, § 5.

In the case of Walker v. Johnson, 96 U. S. 424, 427, 24 L. Ed. 834, by the Supreme Court of the United States, it is said: "In order to bring a parol contract within the statute, it must appear affirmatively that the contract was not to be performed within the year. We have had occasion to examine this question very recently in the case of McPherson v. Cox (96 U. S. 404 [24 L. Ed. 746]). We said, in that case, that the statute 'Applies only to contracts which, by their terms, are not to be performed within the year, and not to contracts which may not be performed within that time.' The court said, in regard to that case, which was a contract by a lawyer to conduct a suit in court, that there was nothing to show that it could not have been fully performed within a year. So, in this case, the lock and dam were to be completed on or before Sept. 1, 1871. Clearly, the contractor had the right to push his work so as to finish it before November, 1870, which would have been within a year from the date of Walker's contract with plaintiff."

In Franklin Sugar Co. v. Taylor, 37 Kan. 435, 15 P. 586, it was held that a parol contract will not be adjudged void by reason of the prohibition of the statute of frauds and perjuries, unless it affirmatively appears that, fairly and reasonably interpreted, it does not admit of a performance within the year.

The case of Adair v. Stallings, 165 S. W. 140, 141, by the Amarillo Court of Civil Appeals, was one in which the court was required to pass upon the validity of an oral contract to keep up and repair a partition fence between the parties. In disposing of the question the court said: "By exceptions to the statement of appellee to the evidence and to the charge of the court, appellant insists that the oral contract to repair and keep in repair the fence should show the time for performance to avoid the statute of frauds. The contract as pleaded and proved does not provide that it is not to be performed within a year. It might have been performed upon some contingency within a year, and therefore will not be defeated by the statute of frauds. Thomas v. Hammond, 47 Tex. 42; Taylor v. Deseve, 81 Tex. 246, 16 S. W. 1008; Railway Co. v. Wood, 88 Tex. 191, 30 S. W. 859, 28 L. R. A. 526; Shropshire v. Adams, 40 Tex. Civ. App. 339, 89 S. W. 448."

██ It is to be noted in the case now under consideration that the testimony in behalf of the defendant and approved by the verdict of the jury shows the contract for the payment of the mules and farm machinery was performable within, and not at the expiration of, the 5 years. In other words, the contract does not affirmatively show that it could not be performed within the space of one year, and therefore not void under the statute of frauds under the authorities we have quoted, which we think in accord with our own and other cases. To illustrate, the Arkansas Supreme Court in the case of Arkansas Midland Ry. Co. v. Whitley, 54 Ark. 199, 15 S. W. 465, 466, 11 L. R. A. 621, held that a parol agreement to keep and maintain cattle guards on each side of a person's land so long as a railroad is operated over it need not be in writing under a statute requiring every agreement "not to be performed within one year" to be in writing.

In Wooldridge v. Stern, 42 F. 311, 9 L. R. A. 129, by the United States Circuit Court for the Western District of Missouri, it is held that an oral promise to provide for the

support and education of a minor 14 or 15 years old until he becomes 21 years of age is not a contract "not to be performed within a year" within the meaning of the statute of frauds requiring such contracts to be in writing, as it may be performed within a year if the child should die within that time.

Our own Supreme Court in the case of Weatherford, M. W. & N. W. Ry. Co. v. Wood, 88 Tex. 191, 30 S. W. 859, 860, 28 L. R. A. 526, held that a verbal agreement on the part of the railroad company to pay Wood a certain sum in cash and to issue to him a pass over the road for himself and family for a period of 10 years, the pass to be issued annually on the first of each year, and to stop its trains at his house to let him and his family get on or off whenever they desired to do so within the 10 years, was not in violation of the statute of frauds, but was enforceable. The court said: "It seems to be well settled that where there is a contingency expressed upon the face of the contract or implied from the circumstances, upon the happening of which within a year the contract or agreement will be performed, the contract is not within the statute, though it be clear that it cannot be performed within a year, except in the event the contingency happens. Thus an agreement to give an annual pass over a railroad during life is performable by the happening of the implied contingency of the death of the donee within the year, and is not within the statute"—citing other cases in harmony with the declaration made.

The Maryland Court of Appeals in Lewis v. Tapman, 90 Md. 294, 45 A. 459, 460, 47 L. R. A. 385, in passing upon an oral contract by the defendant to marry plaintiff "within three years from a designated date," had this to say: "There was evidence in the cause that the contract to marry was to be performed within three years, and there was no evidence of a specific agreement that it should not be performed within a year. According to all the cases, if there was a possibility of its being performed within a year, and there was no stipulation that it should not be, then the contract would not be within the statute, even though it had relation to a subject-matter to which the statute was applicable. Cole v. Singerly, 60 Md. 348; Ellicott v. Turner, 4 Md. 476."

Our Court of Civil Appeals for the First district held that an oral partnership contract to be continued for 5 years was not within the statute of frauds, as the partnership might be dissolved at any time by death. Shropshire v. Adams, 40 Tex. Civ. App. 339, 89 S. W. 448. See, also, Johnston v. Bower-sock, 62 Kan. 148, 61 P. 740, by the Supreme Court of Kansas.

The contract for the payment of plaintiff's mules and farm machinery as established by the verdict of the jury cannot, we think, be held, as a matter of law under the authorities cited, to be in violation of our statute of frauds. Defendant's son testified in substance that the debt could have been paid within a year out of the first crop. There is no finding to the contrary, and we cannot say that upon a farm of the size rented and with the working force and machinery under control the defendant might not have raised a crop the ensuing year of sufficient value to have liquidated the debt, notwithstanding such result may have been dependent upon the contingency of whether the Giver of all good furnished the necessary showers of sunshine and rain. Nor are we able to say the contract was unreasonable in its general character. Defendant had long been a tenant of the plaintiff and, inferentially, in full possession of plaintiff's confidence. Some of the evidence indicates that he was without the necessary stock and implements to carry on the farm work, and that the same was furnished by the plaintiff; that plaintiff desired to relieve himself of the burden of so doing, and hence not unreasonably willing to trust defendant to pay for the mules and farm machinery out of crops raised during the 5-year period. At all events, should such a contract be established by the court or verdict of the jury, we can but think that it should be upheld. The judgment of the court, therefore, in sustaining the plea in abatement and in dismissing the cause of action for the payment of the mules and farm machinery, on the verdict of the jury as returned, was erroneous, and the judgment, in reciting that plaintiff's cause of action did not accrue until immediately after the expiration of the 5-year period, was particularly erroneous. We think a reasonable interpretation of the contract requires the defendant out of the proceeds of each year's crop to pay upon the indebtedness declared upon such sum as defendant could reasonably pay after retaining a sufficient amount to enable him to reasonably continue a successful operation of the farm.

For the reasons stated, we conclude that the judgment of the trial court should be reversed and remanded for further consideration not inconsistent with this opinion; the judgment, however, in favor of appellant for a balance due upon a promissory note declared upon is left undisturbed, the cost of appeal to be taxed against appellee.