Wood had a judgment against the railroad company for $1000. In satisfaction of such judgment, the railroad verbally agreed to pay Wood $800 cash and issue him a pass over the road for himself and family for a period of ten years, the pass to be issued annually on the first of each year, and to stop its trains at his house to let him and his family get on and off whenever they desired to do so during said ten years. In accordance with this agreement, the railroad immediately paid the $800 and issued the pass to Wood and family, and stopped the train at his house for his family to get on and off as agreed during the first two years of the contract; but declined to issue any pass or stop the train at Wood's house for his family to get on and off after the second year, whereupon Wood sued the railroad for damages for breach of the contract.
The defense was based upon the proposition that no action could be maintained upon the verbal contract, because it was not to be performed *Page 194 
within one year. Judgment for plaintiff having been affirmed by the Court of Civil Appeals, the railroad has brought the case here upon the alleged ground, that "the Court of Civil Appeals erred in holding that the verbal contract, for the breach of which appellee Wood seeks redress, is not within the statute of frauds of the State of Texas."
The statute provides, that "no action shall be brought upon any agreement which is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some memorandum, shall be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized."
It seems to be pretty generally held in the English and most of the American courts, that the agreement is not within the statute where (1) the agreement is of such a character that either party thereto may perform his part thereof within a year, though the other party can not; or (2) the consideration for the agreement not performable within the year, has been paid or executed.
In fact, this class of decisions excludes from the operation of the statute all agreements except those which can not be performed by either side within a year. Since such contracts are rare, this ruling virtually repeals the statute. Blanding v. Sargent (N.H.), 66 Am. Dec., 720; Wolke v. Fleming (Ind.), 2 N.E. Rep., 325; 26 Mo., 224; Perkins v. Clay, 54 N.H. 518.
While these questions appear never to have been passed upon by this court, though one of them was raised in the brief of appellee in Miller v. Roberts, 18 Tex. 16, nevertheless it early evinced a strong disinclination to follow any construction of the statute of frauds which defeats the legislative will. Garner v. Stubblefield, 5 Tex. 552. Subsequent rulings in reference to that clause of the statute relating to contracts for the conveyance of land indicate the settled policy of adhering to the intention of giving effect to the statute, except where the contract has been so far performed that it would be inequitable to refuse specific performance — such a case not being presented by mere payment of consideration and taking possession. Thouvenin v. Lea, 26 Tex. 612; Lodge v. Leverton, 42 Tex. 25
[42 Tex. 25]; Murphy v. Stell, 43 Tex. 124; Bradley v. Owsley, 74 Tex. 69.
Some learned courts, whose reasoning is difficult to answer, have given effect to that clause of the statute under consideration here, by holding it applicable to that numerous class of cases where the contract or agreement of the party sought to be "charged therewith" in the particular suit was not to be performed within the year, though the promise of the other party was performable within the year or the consideration executed. Pierce v. Paine, 28 Vt. 36; Sheehy v. Adarine, 41 Vt. 541; Parks v. Francis, 50 Vt. 626; Doyle v. Dixon, 97 Mass. 209; Frary v. Sterling, 99 Mass. 462; Bartlett v. Wheeler, 44 Barb., 162; Reinheimer v. Carter,31 Ohio St. 586; Broadwell v. Getman, 2 Denio, 87. *Page 195 
Under the view we have taken of this case, it does not become necessary for us to determine now which of these two conflicting lines of decisions we will follow.
It seems to be well settled, that where there is a contingency, expressed upon the face of the contract or implied from the circumstances, upon the happening of which within a year the contract or agreement will be performed, the contract is not within the statute, though it be clear that it can not be performed within a year, except in the event the contingency happens. Thus an agreement to give an annual pass over a railroad during life is performable by the happening of the implied contingency of the death of the donee within the year, and is not within the statute. Railway v. English (Kan.), 16 Pac. Rep., 82. So an agreement to support a child or children until majority will be performed upon the happening of the implied contingency of the death of such child or children within the year, and is therefore not within the statute. Peters v. Westborough, 19 Pick., 364; Wiggins, Admr., v. Keizer, 6 Ind. 252. So an agreement not to do business at a certain place will be performed upon the death of the party so agreeing within a year, and therefore is not within the statute. Lyon v. King, 11 Met., 411; 45 Am. Dec., 219; Worthy v. Jones, 11 Gray, 168; Hill v. Jamieson, 16 Ind. 125; 79 Am. Rep., 414; Foster v. McO'Blenis, 18 Mo., 88. So an agreement to support one during life may be performed upon the contingency of the death of the person to be supported, and is not within the statute. Heath v. Heath, 31. Wis., 223; Carr v. McCarthy (Mich.), 38 N.W. Rep., 241; Hutchinson v. Hutchinson, 46 Me. 154; Howard's Admr. v. Burgen, 4 Dana, 137; Burney, Admr., v. Ball, 24 Ga. 515.
Some courts have undertaken to draw a distinction between that class of contracts or agreements to do or refrain from doing a thing during life, and that class of contracts or agreements to do or refrain from doing a thing for a stipulated period of years, holding, that where the former will be performed upon the happening within the year of the implied contingency of death, the statute does not apply, but that it does apply to the latter class, though performable upon the happening of the same contingency within the year. The reason given is, that by the terms of the contract the parties in the latter class contemplate that the same will not be performed within a year. Mallett v. Lewis, 61 Miss. 105.
Thus, according to this reasoning, an agreement to give A an annual pass for life is not within the statute, because performable within the year upon the happening of the contingency of A's death within that time; while an agreement to give him an annual pass for ten years is within the statute, for, though the contract would appear to be performable within a year upon the happening of the contingency of A's death within that time, still, the parties contemplated by the terms of the agreement that it would not be performable within a year. *Page 196 
According to the same reasoning, a contract to give A an annual pass for ten years would be within the statute, though it is clear the contract would be performed upon A's death within a year, while a contract to give A an annual pass for ten years, provided the contract shall be consideredperformed if A die within a year, would not be within the statute; for in the first case, the parties by their contract contemplated that it would not be performed within the year, whereas in the latter case they, by their contract, contemplated its performance within a year if A should die within that time.
We think this reasoning untenable, and not justified by the statute. If the contingency is beyond the control of the parties, and one that may in the usual course of events happen within the year, whereby the contract will be performed, the law will presume that the parties contemplated its happening, whether they mention it in the contract or not. Peters v. Westborough, 19 Pick., 364; Ellicott v. Peterson's Ex., 4 Md.) 476; Peter v. Compton, Skin., 353; Fenton v. Emblers, 3 Burr., 1278; Wells v. Horton, 4 Bing., 40.
The statute only applies to contracts "not to beperformed within the space of one year from the making thereof." If the contingency is such that its happening may bring the performance within a year, the contract is not within the terms of the statute; and this is true whether the parties at the time had in mind the happening of the contingency or not. The existence of the contingency in this class of cases, and not the fact that the parties may or may not have contemplated its happening, is what prevents the agreement from coming within the scope of the statute.
Applying these principles to the case under consideration, we think it clear that the contract above set out was not within the statute. The agreement to give the pass and stop the trains was personal to Wood and family. He could not transfer it. In case of his death within the year the obligation of the company to him would have been performed, and no right thereunder would have passed to his heirs or executors. If it be held that each member of his family had an interest in the agreement, the same result would have followed the death of such member, or all of them, within the year.
If the agreement had been to give Wood a pass for life, it would under the above authorities not have been within the statute, and we can see no good reason for holding it to be within the statute, because his right could not have extended beyond ten years. The happening of the contingency of the death of himself and family within a year would have performed the contract in one case as certainly as in the other.
The judgment is affirmed.
Affirmed.
Delivered April 25, 1895. *Page 197