ROBERTS v. CARLISLE et al.   (No. 9856.)

(Court of Civil Appeals of Texas.   Dallas.
June 26, 1926.   Rehearing Denied
Oct. 16, 1926.)

1. Specific performance ⬤➡114(1).

Petition for specific performance of testator's oral agreement to devise realty to plaintiff in payment for services, or in the alternative for value of such services and for appointment of receiver of land in possession of executrix's grantee, held not demurrable as attempt to enforce parol devise or as suit to recover title to the realty involved.

2. Wills ⬤➡68.

Measure of damages for breach of contract to devise specific property is value of property promised.

3. Executors and administrators ⬤➡210.

Where personal services are performed, under contract for compensation by testamentary provision, upon failure to so provide, promisee may recover reasonable value of services.

4. Executors and administrators ⬤➡453(2)—
Wills ⬤➡749.

A creditor has no right to personal judgment against executor or legatee, but only right to subject property to satisfaction of his claim.

5. Frauds, statute of ⬤➡50(2).

Contract to render services to deceased during lifetime, to be paid for by testamentary provision, is not within one-year statute.

6. Executors and administrators ⬤➡283.

One having valid claim for services to deceased is entitled to foreclose as against executrix and devisee, statutory lien existing under Rev. St. 1925, art. 3314.

7. Executors and administrators ⬤➡283.

Where executrix was nonresident of state, and most of decedent's estate was outside state, and not enough remained to fully satisfy plaintiffs' claim, appointment of receiver of realty in possession of executrix's grantee held not abuse of discretion, in view of Rev. St. 1925, art. 2293, § 1.

Appeal from District Court, Dallas County; Claude M. McCallum, Judge.

Suit by Eva Carlisle and others against Herbert Roberts and others. From an order appointing a receiver, defendant named appeals. Affirmed.

Clark & Clark, of Dallas, for appellant.
Coker & Wilson, of Dallas, for appellees.

VAUGHAN, J. This is an appeal from an order of the trial court of date May 15, 1926, overruling the motion of appellant, Herbert Roberts, to vacate the order made by the court below appointing a receiver in said cause upon the petition of appellee Mrs. Eva Carlisle, joined, pro forma, by her husband, R. S. Carlisle, in appellees' suit against Mrs.

Minnie Bell Plummer, executrix of the estate of F. G. Osborne, deceased, and T. L. Plummer, her husband, pro forma, and Herbert Roberts, the appellant. The suit was filed by the appellees on March 15, 1924, for the specific performance of an alleged contract of employment of appellee Eva Carlisle, by F. G. Osborne, deceased, or, in the alternative, if she should be unable to establish such a contract that would entitle her to the specific performance thereof, then the recovery on account of valuable services rendered by appellee Eva Carlisle to said F. G. Osborne, deceased, for which he agreed to pay her by bequeathing and devising to her certain specific property, viz. lot 7 and east half of lot 8 of E. W. Foster subdivision of block 3428, according to the official map of the city of Dallas, Dallas county, Tex., and of the reasonable market value of $5,000, United States Liberty bonds of the par value of $21,000, household and kitchen furniture of the value of $100; that, under the terms of said contract, said F. G. Osborne, on or about the 5th day of August, 1921, made and entered into a verbal agreement by the terms of which said Osborne employed Eva Carlisle as his housekeeper and nurse for the remaining years of his life, and, for said promise and agreement of said appellee to perform said services for said Osborne, he (the said Osborne) then and there promised and agreed to bequeath and devise to her all of the property which he then owned, being the property above described, and which he owned at the time of his death; that appellee performed the services under said contract from October 5, 1921, to November 23, 1923, the date of the death of the said Osborne.

Appellees further alleged performance of said contract by said Eva Carlisle, and Osborne's breach thereof, viz.: That he made his last will and testament on or about the 26th day of March, 1923, by the terms of which he bequeathed and devised all of his property to his niece, the defendant Minnie Bell Plummer, who was by said will made and constituted independent administratrix and sole legatee and devisee. That appellee Eva Carlisle rendered said services to said Osborne with his consent, knowledge, and acquiescence, and for which she received no pay from said Osborne or any other person, and by appropriate allegations sought to establish her claim against the estate of the said Osborne for the appropriate measure of her damage, viz., (a) the value of the property promised for such services; or (b) the reasonable value of the services rendered—and sought to enforce against the above-described property a lien as a creditor of the estate of the said F. G. Osborne, deceased, same being within the jurisdiction of the trial court. That said will was duly filed for probate in the probate court of Dallas county, Tex., by

(287 S.W.)

the said Minnie Bell Plummer, and was probated on January 24, 1924, by said court, and said Minnie Bell Plummer thereafter duly qualified as the independent executrix of said will. That said Minnie Bell Plummer, in violation of her duty as executrix of the will and estate of said Osborne, deceased, and in an effort to hinder, delay, and prevent appellee, Eva Carlisle, from establishing and foreclosing a statutory lien against the real property above described, did make a pretended sale of said property to the appellant, Herbert F. Roberts, by deed dated January 17, 1924, in which she was joined by her husband, T. L. Plummer.

. It is .further alleged that on or about the 19th day of April, 1924, appellant, Roberts, wrongfully took possession of said property by wrongfully suing out a writ of sequestration in cause No. 3454, Herbert Roberts v. Eva Carlisle et al., at law, in the United States District Court for the Northern District of Texas, at Dallas, replevying same, which cause was thereafter dismissed for want of prosecution, and since that time has been, and is now, in possession of said property through a tenant, and is now collecting rents therefrom at the rate of $60 per month, total rents collected aggregating the sum of $1,400; that said rents for said period of time were, and are now, in fact, the property of the estate of F. .G. Osborne, deceased, and as such are subject to appellee's lien.

It is further alleged that said real property and the rents and revenues therefrom will be insufficient to fully discharge the claim of appellee Eva Carlisle, and that, unless a receiver shall be appointed to take possession of said property, and collect and conserve the rents and profits thereof, and to keep said rented property in good repair and properly insured, said property and fund will be in danger of being materially injured and lost to said appellee. It is further alleged that the defendant Minnie Bell Plummer was, before the death of said Osborne, and at all times since, and now is, a nonresident of the state of Texas, and that service cannot be obtained upon her in said state; that she or some other person to appellee unknown is now in possession of the Liberty bonds of the par value of $21,000, above described, without the boundaries of this state, and therefore said bonds are not now subject to the jurisdiction of the trial court, and for that reason said appellee Eva Carlisle is unable to enforce her lien thereon.

Appellant resisted appellee's application for the appointment of a receiver, and excepted to the order entered April 17, 1926, appointing the receiver, and thereafter duly filed his motion to vacate said order appointing said receiver and to discharge him.

We do not deem it necessary to discuss the several assignments of error presenting the grounds upon which appellant sought to have the order appointing said receiver rescinded, and him discharged, for, under the view we take of the case, a general discussion will be sufficient.

[1-4] We have carefully considered the general demurrer, and special exceptions urged by appellant to appellee's petition, which were overruled by the court, and reached the conclusion that the court did not err in overruling said exceptions, as the petition construed as a whole states a good cause of action, not being subject to the vice urged by· appellant; i. e., that same is an attempt to enforce the specific performance of a parol devise, and (2) is a suit to recover the title to the real estate involved. This conclusion is based upon the well-recognized rules of law: (a) Where an action for damages is brought for the breach of a contract to give specific property by will, the measure of damages is the value of the property promised to be bequeathed or devised. Henderson v. Davis (Tex. Civ. App.) 191 S. W. 358; Bonner v. Sledd, 158 Ark. 47, 249 S. W. 556. (b) Where personal services are performed by one person for another during the latter's life under a contract, that compensation thereof is to be provided in the will of the person receiving the benefit of them without however agreeing as to any specific bequest, and, if the promisor dies intestate or fails to make such provision, the contract is then broken, and the promisee in an action on a contract may recover the reasonable value of his services. Von Carlowitz v. Bernstein, 28 Tex. Civ. App. 8, 66 S. W. 464; Raycraft v. Johnston, 41 Tex. Civ. App. 466, 93 S. W. 237. (c) A creditor has no right to a personal judgment against the executor or legatee, but only a right to subject the property to a satisfaction of his claim. Article 3437, Revised Civil Statutes 1925; Blinn v. McDonald, 92 Tex. 604, 46 S. W. 787, 48 S. W. 571, 50 S. W. 931; Hughes v. Hughes (Tex. Civ. App.) 264 S. W. 579.

[5] The contract alleged by appellees, being, upon the part of said Eva Carlisle, an agreement to render services to said Osborne during his lifetime, was not within the one-year statute of frauds; as, by its terms, same would terminate upon the death of said Osborne occurring at any time after the making thereof. This contingency, which would terminate the contract, is expressed as a part of its terms, and on its happening at any time would have terminated the agreement. Therefore the contract is not within the statute of frauds, making void contracts not to be performed within a year. Weatherford, M. W. & N. W. Ry. Co. v. Wood, 88 Tex. 191, 30 S. W. 859, 28 L. R. A. 526; National Surety Co. v. Murphy (Tex. Civ. App.) 215. S. W. 465; Philip A. Ryan Lumber Co. v. Ball (Tex. Civ. App.) 177 S. W. 226.

In view of the fact that this cause is pending in the lower court to be tried on its merits, it would be improper for us to discuss

the facts or the issues that will be involved in such trial, further than for the purpose of disposing of the question presented by this appeal; i. e., whether or not the trial court abused its discretion in refusing to vacate its order appointing the receiver, or, in other words, whether or not appellees' petition and the proof introduced on the hearing for the appointment of a receiver made it appear that the right or interest asserted by appellee Eva Carlisle in the property of the estate of F. G. Osborne was probable, and that said property, rents and revenue arising therefrom was in danger of being lost, removed, or materially injured.

The following material facts were established by uncontroverted evidence: That appellee Eva Carlisle and F. G. Osborne, deceased, made the contract as alleged; that the services, to be performed under terms of said agreement, were performed at the instance and request, and for the use and benefit, of said Osborne by the said Eva Carlisle, from the date of the making of said contract, to wit, on or about October 5, 1921, to November 23, 1923; that she did not receive any compensation of any character for the services, so rendered; that, at the time said agreement was made by the appellee and said Osborne, he owned in his own right, and owned at the time of his death, the property described in appellee's petition, all of which was at said date within the jurisdiction of the trial court; that said Osborne, by his last will and testament, of date March 6, 1923, bequeathed all of his said property to his niece, Minnie Bell Plummer, who then and now resides in Conway county, Ark.; that she was constituted by said will the independent executrix of said estate without bond, and the sole legatee or devisee of all of the property of said testator Osborne; said will was probated in the county court of Dallas county, and the said Minnie Bell Plummer qualified as such executrix on the 8th day of January, 1924; that said will does not by its terms specifically authorize the alienation of any property by said Minnie Bell Plummer as the executor of said estate; that on the 17th day of January, 1924, said Minnie Bell Plummer, as the executrix of the estate of F. G. Osborne, by her deed of that date, assumed to convey the real estate in controversy to appellant, Herbert F. Roberts, who then and now resides in Conway county, Ark.; in consideration of the sum of $4,000 cash recited in said deed to have been paid; that said property is renting for the sum of $60 per month, and has been since the said Roberts acquired same by virtue of replevying same on the 19th day of April, 1924, in the suit instituted in the United States District Court at Dallas; that said suit was dismissed on the —— day of May, 1924; that the real estate involved herein is all of the property of the estate of the said F. G. Osborne, deceased, within the jurisdiction of the trial court, and is of the reasonable market value of $5,000.

[6] Under the law, if appellee Eva Carlisle should succeed in establishing her claim against the estate of the said F. G. Osborne, deceased, she would, under article 3314, have the right to foreclose, as against the executrix and devisee of the last will and testament of the said Osborne, the statutory lien existing by virtue of the following provisions of article 3314, Revised Civil Statutes 1925:

"When a person dies, leaving a lawful will, all of his estate devised or bequeathed by said will shall vest immediately in the devisees or legatees; and all of the estate of such person, not devised or bequeathed, shall vest immediately in his heirs at law; subject however, to the payment of the debts of the testator or intestate except such as may be exempted by law."

[7] That, within the meaning of section 1 of article 2293, Revised Civil Statutes of Texas 1925—i. e., "in an action by * * * a creditor to subject any property or fund to his claim; * * * on the application of the plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured" —the right of appellees for the appointment of a receiver under the above facts cannot be seriously questioned. To say the least of it, the trial court certainly did not abuse its discretion, either in appointing the receiver or in refusing to rescind that order and discharge him.

It is our opinion that the judgment of the court below should be affirmed, and it is so ordered.

Affirmed.