## ROMAN v. GOLDBERG et al.   (No. 601.)*

Court of Civil Appeals of Texas. Waco. Dec. 1, 1927.

Rehearing Denied Jan. 5, 1928.

1. Brokers ⬤⟹85(6)—Conversations between brokers and purchaser relative to transactions had and information given concerning vendor's property held admissible in brokers' suit for commissions.

Conversations between brokers and purchaser relative to ownership of vacant lot on which purchaser stated she would like to build house, held admissible, in brokers' action against vendor for commissions, where conversations related to what they did an information which they conveyed to purchaser relative to the property.

2. Brokers ⬤⟹86(4)—In action for commissions, evidence held to sustain finding that brokers were procuring cause of sale of realty.

In action to recover commissions, evidence that purchaser inquired of brokers concerning vacant lot which they showed her, and that brokers communicated inquiry to owners, and as result, contract for exchange of properties was entered into, held sufficient to show that brokers were procuring cause of sale.

3. Customs and usages ⬤⟹12(1)—Testimony as to custom, among real estate brokers, known to defendant, regarding commissions chargeable on sale and exchange of lands, held admissible.

In brokers' action for commissions, action of trial court in permitting witnesses to testify with reference to custom of real estate brokers of charging 5 per cent. commission on cash sales, and 2½ per cent. on exchange of lands, held not error; defendant having testified that he was familiar with such custom.

4. Customs and usages ⬤⟹11—Broker who makes sale at owner's request is entitled to customary commissions, in absence of definite contract.

Where real estate broker, at the request of owner of property, makes a sale, he is entitled to compensation, and custom which fixes amount, where known to parties, will control, in absence of definite contract.

5. Brokers ⬤⟹40—Brokers who had previously sold property for owner, and claimed general authorization to sell his property, held entitled to commissions on exchange of particular property, though not listed.

Where owner had allegedly authorized brokers to sell any of his property, and had paid

them commissions on several tracts previously sold, and was accustomed to pay commission for sale of any of his property, brokers' right to commissions for procuring purchaser and exchanging properties was not defeated by fact that particular property may not have been listed with brokers for sale.

6. Frauds, statute of ⬤⟹49—Statute of frauds does not apply to contracts performable within one year.

Contract which may take several years to perform is nevertheless not within statute of frauds, if it is capable of being performed within period of one year.

7. Brokers ⬤⟹43(1)—Exchange of realty, made more than one year after listing contract, held not to bring contract within statute.

Where property, listed by owner for sale, was exchanged through brokers' efforts more than one year after date of listing contract, broker's right to recover commissions was not defeated on account of statute of frauds, since services under listing contract might have been performed within one year.

8. Brokers ⬤⟹85(1)—Brokers' testimony as to previous sales for owner on commission held admissible to sustain recovery of commissions for exchange of property not listed.

In brokers' action for commissions for exchange of property, testimony of brokers with reference to previous sales which they had made in defendant's behalf for which they received commissions, held admissible, where exchange was claimed to have been made without listing of particular property, and defendant himself testified that it was his custom to pay commission to any one selling any of his property.

9. Appeal and error ⬤⟹1050(1)—Error in admitting evidence on direct examination is rendered harmless, where witness testifies to same facts without objection on cross-examination.

Any error in admitting evidence on examination of witness is rendered harmless, where same facts are testified to without objection on cross-examination.

Appeal from McLennan County Court; Jas. R. Jenkins, Judge.

Suit by B. R. Goldberg and others against R. D. Roman. Judgment for plaintiffs, and defendant appeals. Affirmed.

S. J. T. Smith, of Waco, for appellant.
Tirey & Tirey, of Waco, for appellees.

BARCUS, J. Appellees filed this suit against appellant, seeking to recover a real estate commission which they claimed appellant owed them by reason of their having been the procuring cause of appellant's consummation of an exchange or sale of property which he owned in Waco for some land in west Texas. The cause was tried to a jury, submitted on special issues, and resulted in judgment being rendered for appellees.

Appellant contends by various assignments

of error that the trial court erred in overruling his general demurrer and a number of special exceptions which he leveled at appellees' petition. We have carefully examined all these assignments, and do not think any of them show reversible error, and same are overruled. Golden v. Odiorne, 112 Tex. 544, 249 S. W. 822.

[1] Appellant, by various assignments, complains of the action of the trial court in permitting appellees to testify to conversations which they had with the purchaser of the property belonging to appellant. We overrule these assignments. Appellees were showing appellant's property to the prospective purchaser as agents of appellant, and the conversations about which they testified were only with reference to what they did and the information they conveyed to the purchaser with reference to appellant's property. The record shows that appellees had for a number of years been selling various tracts of real estate for appellant, and that appellant, who was engaged on a rather extensive scale in the building of houses and selling and exchanging of same, had paid them commissions on the sales as made without any controversy or contention. Appellees had a customer, Mrs. Corriher, who came to Waco for the purpose of trading a tract of land owned by her father in West Texas for a home in Waco. Appellees communicated this fact to appellant, who directed that they show her certain residential properties owned by him. Appellees did show said properties to her, but none of them were satisfactory, and, while on the inspection trip, they showed her a vacant lot adjoining one of the residences owned by appellant, and she then asked if the owner thereof would build her a house on said vacant lot. Appellees communicated this inquiry to appellant, and called him to their office, where they introduced him to Mrs. Corriher, and, as a result of this introduction and bringing together of said parties, appellant entered into negotiations which finally led to his erecting a building on the vacant lot and selling same to Mrs. Corriher, and in exchange therefor receiving the tract of land in West Texas and an additional consideration in cash.

[2] Appellant contends that the evidence was not sufficient to show that appellees were the procuring cause of the sale being made. We overrule this assignment. We think the evidence was sufficient to sustain the jury's finding on said issue.

[3, 4] Appellant complains of the action of the trial court in permitting witnesses to testify with reference to the custom among real estate brokers to charge 5 per cent. commission on cash sales, and 2½ per cent. on exchange of lands. We overrule this contention. It seems to be the settled law that, where a real estate broker, at the request of the owner of property, makes a sale, he is entitled to compensation, and, where there is a custom which fixes the amount of compensation, which is known to the parties, the custom, in the absence of a definite contract, will control, and evidence is admissible to show said custom. McNabb v. Woolfolk (Tex. Civ. App.) 240 S. W. 1043; Martin v. Law (Tex. Civ. App.) 290 S. W. 261; Webb v. Harding (Tex. Com. App.) 211 S. W. 927; Hancock v. Stacy, 103 Tex. 219, 125 S. W. 884. Appellant in this case testified that he had handled a large number of tracts of land, and that he was familiar with the custom among real estate agents, and that the usual and customary commissions to be paid were the same as those testified to by appellees, namely, 5 per cent. on all cash sales and 2½ per cent. on trades.

[5-7] Appellant contends that there was no listing by him of his property with appellees for sale, and that appellees were not therefore entitled to any compensation for the services which they rendered with reference thereto. We overrule this assignment. Appellant himself testified that it was his custom to, and he did, pay anybody a commission who sold any of his property, and he further testified that he had paid appellees commissions on several different tracts which they had sold for him. Appellee Goldberg testified that appellant told him in 1924 that at any time he could sell or exchange any of his properties that he would pay the usual commissions. Appellant contends that any listing that he might have made more than one year before the sale was consummated would be prohibited by reason of the statute of frauds. We overrule this contention. It seems to be the settled law that any verbal contract made by parties that is possible of performance within a year is not prohibited by the statute of frauds, although, as a matter of fact, it may be several years before the contract is actually performed, the real test being as to whether it would be possible for the contract to be performed within a year, and, if so, the statute would not apply. Roberts v. Carlisle (Tex. Civ. App.) 287 S. W. 110; Weatherford M. W. & N. W. Ry. Co. v. Wood, 88 Tex. 191, 30 S. W. 859, 28 L. R. A. 526. Where property listed by the owner with a real estate agent for sale is sold through the efforts of the real estate agent, the owner cannot defeat the agent's right to recover compensation for services rendered by reason of the statute of frauds, although same may not be sold within one year after same was listed for sale.

[8, 9] Appellant complains of the action of the trial court in permitting appellees to testify with reference to a number of different sales which they had made, and on which appellant paid them commissions. We overrule these assignments. We think the testimony under the circumstances surrounding

this case was admissible. If, however, it could be said that the evidence was not admissible, it is harmless error, because the same facts were without objection testified to by appellant on cross-examination. Street v. Masterson (Tex. Civ. App.) 277 S. W. 407; Texas Employers' Ins. Ass'n v. Jimenez (Tex. Civ. App.) 267 S. W. 752.

We have examined all of appellant's assignments of error, and same are overruled.

The judgment of the trial court is affirmed.