## TEXAS COTTON CO-OPERATIVE ASS'N v. POLLOCK.

No. 1401.

Court of Civil Appeals of Texas. Waco.
June 29, 1933.

Rehearing Denied July 13, 1933.

C. K. Bullard, of Dallas, and Tirey & Tirey, of Waco, for appellant.

Witt, Terrell & Witt, and A. L. Riley, all of Waco, for appellee.

ALEXANDER, Justice.

L. L. Pollock brought this suit against the Texas Cotton Co-operative Association to recover damages for breach of an alleged oral contract of employment. The plaintiff alleged, in substance, that during the month of August, 1931, he was employed by the defendant by oral contract to work for the defendant for a period of one year beginning August 1, 1931, and ending August 1, 1932, at an annual salary of $3,000, to be paid at the rate of $250 per month. He alleged that the defendant unlawfully terminated the contract in December, 1931. He sued for the resulting damages. The defendant denied that the contract was to run for a period of one year. The verdict of the jury was for the plaintiff for $1,900, and judgment was entered accordingly. The defendant appealed.

The appellant presents only two assignments of error for reversal of the case. By the first assignment the appellant asserts that the court erroneously allowed appellee to testify that during the year prior to August 1, 1931, he was in the employment of the appellant on a yearly contract basis. An examination of the record, however, discloses that the appellee was allowed to testify without objection that he worked for appellant during the year immediately preceding August 1, 1931, but the court sustained appellant's objection to appellee's testimony that he so worked under a yearly contract. Moreover, the appellee while on cross-examination testified without objection that during said one-year period immediately preceding August 1, 1931, he worked for appellant under a yearly contract. Since the appellant elicited the testimony here complained of and made no objection thereto at the time, no reversible error is presented. Roman v. Goldberg (Tex. Civ. App.) 3 S.W.(2d) 482, par. 9.

By the other assignment, the appellant complains of the action of the court in admitting in evidence a copy of a letter claimed to have been written by the appellee and mailed to the appellant on August 27, 1931. The letter in question set out appellee's understanding as to the terms of the oral contract that had just been entered into between the parties. The appellant was notified to produce the original letter, but declined to do so on the ground that it had never received same. The appellee testified that he wrote and mailed the letter to appellant; that the letter was properly addressed, stamped, and mailed in due course. Moreover, the appellee testified that he later saw the letter in appellant's possession. This proof was sufficient to make an issue for the jury as to whether appellant ever received the letter and to admit secondary evidence of the contents thereof. 17 Tex. Jur. 493, 745; 22 C. J. 101. The fact that the appellee, immediately upon entering into the oral contract and before a dispute arose and while the contract was in course of performance, wrote to the appellant a letter confirming the contract and setting out his version of the terms thereof, and that appellant never replied thereto, were circumstances to go to the jury tending to show that appellant acquiesced in the terms of the contract as stated in the letter. 22 C. J. 326; 17 Tex. Jur. 568. The action of the court in admitting in evidence a copy of the letter in question was not error.

The judgment of the trial court is affirmed.