## ELLISON et ux. v. HALFF.

No. 9818.

Court of Civil Appeals of Texas. San Antonio.

April 22, 1936.

Rehearing Denied May 20, 1936.

D. A. McAskill, of San Antonio, for appellants.

Boyle, Wheeler, Gresham & Terrell and H. M. Parker, all of San Antonio, for appellee.

MURRAY, Justice.

Appellee, G. A. C. Halff, instituted this suit against N. O. Ellison and his wife seeking to recover the amount of principal, interest, and attorney's fees alleged to be due upon a certain vendor's lien note. Appellants, while admitting the existence and validity of the note and lien, set up a cross-action which was dismissed by the trial court, and, upon a directed verdict, judgment was rendered in appellee's favor in the sum of $2,981.07, together with a foreclosure of the vendor's lien upon lot 10, block 6, new city block 3980, situated in the city of San Antonio. From such judgment, Ellison and his wife have prosecuted this appeal.

The facts are as follows:

On July 16, 1923, one Gus Groben and wife conveyed to Mrs. R. N. Stanley lot 10, block 6, new city block 3980, situated in the city of San Antonio, and, as part of the consideration for such conveyance, executed a certain vendor's lien note in the principal sum of $3,500 payable to the order of D. H. Hanson on April 25, 1924, and containing the usual provisions of a vendor's lien note.

On September 16, 1924, Mrs. Stanley and husband conveyed said lot 10 to Evelena R. Keck, and, as part of the consideration of this conveyance to Mrs. Keck and her husband, assumed the payment of the Hanson note.

On May 9, 1925, Hanson transferred the note and lien to appellee, G. A. C. Halff.

Afterward, on November 1, 1927, Keck and wife conveyed said lot 10 to appellants, N. O. Ellison and wife, and, as part of the consideration of this conveyance, Ellison and wife assumed the payment of the vendor's lien note now held and owned by appellee, Halff.

On April 25, 1928, appellants and appellee entered into an extension agreement whereby the sum of $250 was to become due on April 25, 1929; $250 on April 25, 1930; and the balance of the unpaid principal of $2,200 was to become due April 25, 1933.

Up to this point there seems to be no controversy, but what happened thereafter is sharply disputed.

Appellee, Halff, filed suit on September 16, 1932, alleging the maturity of the note by reason of the violation of the alleged oral agreement. Appellants answered, denying the existence of the oral agreement alleged by Halff, and asking damages for an alleged breach of the written agreement of extension, in that Halff had demanded payment of the note on April 25, 1932. Appellants themselves set up an oral extension agreement alleged to have been entered into by Halff with them whereby Halff agreed that if they would pay $700 on the principal, which was $200 more than the amount due at the time, he would never demand the payment of the principal so long as the interest was paid promptly when due.

The trial judge sustained special exceptions to the appellants' cross-action, and upon appellants' refusal to amend, sustained the general demurrer and dismissed appellants' cross-action. The trial court upon proper proof instructed the jury to return a verdict for the appellee, Halff, as heretofore stated.

■■ Appellants complain of the action of the trial judge in striking out their cross-action. We conclude that the cross-action was properly dismissed. Appellants sought to recover damages based upon breach of contract in that appellee demanded payment of his debt one year before it was due under the written extension agreement and thereby breached his agreement to extend the debt until April 25, 1933.

Such demand for payment does not constitute a breach of contract or any other wrongful conduct upon which appellants could base a cause of action. Even if appellee deliberately and with the knowledge that the debt was not due (which must be taken as true in passing upon the general demurrer) asserted to N. O. Ellison that the debt was due and demanded payment of same, this would not breach the extension agreement. Appellants do not allege that the premature filing of the suit caused the damages complained of by them. The law is clear that the premature filing of a suit would not constitute such a breach of contract.

In Keesee v. Kemp (Tex.Civ.App.) 296 S. W. 635, it was said: "In so far as the cross-action is concerned, the court did not err in sustaining the general demurrer. The general rule is that damages for the prosecution of civil suits, even with malice and without probable cause, cannot be recovered unless the party sued has suffered some interference, by reason of the suits, with his person or property." See, also, Pye v. Cardwell, 110 Tex. 572, 222 S.W. 153; Johnson v. King & Davidson, 64 Tex. 226; Stovall v. Texas Co. (Tex.Civ.App.) 262 S.W. 152.

■ We also conclude that the court properly struck out that part of appellee's answer wherein he attempted to plead an oral agreement of extension that the principal of the note would never become due and payable so long as the interest was paid when due. This was a contract not to be performed within a year and is void under the statutes of fraud, article 3995, subd. 5, R.S. 1925; Weatherford, M. W. & N. W. Ry. Co. v. Wood, 88 Tex. 191, 30 S.W. 859, 28 L.R.A. 526; Washington, Alexandria & G. S. P. Co. v. Sickles, 5 Wall. 580, 18 L.Ed. 550. This alleged contract might have been defeated within one year by appellants' failure to pay interest when due, but it could never be completely performed so long as time might last.

■ It is true that a contract which may be performed within one year because of the happening or not happening of some contingency is not void under the statute, but the contingency must be beyond the control of both of the parties and not entirely within the control of one of the parties.

■ As was said by Judge Denman in Weatherford, M. W. & N. W. Ry. Co. v. Wood, 88 Tex. 191, 30 S.W. 859, 860, 28 L. R.A. 526: "If the contingency is beyond the control of the parties, and one that may, in the usual course of events, happen within the year, whereby the contract will be performed, the law will presume that the parties contemplated its happening, whether they mention it in the contract or not."

Here appellants could prevent the debt from ever coming due simply by the payment of the interest or mature the note at any time by allowing the interest to be in default.

On January 10, 1934, appellee filed his first amended original petition, containing two counts, the first count of which he afterward abandoned and stood on his second count. In this second count he stated that if he was mistaken in his contention that his note matured on April 25, 1932, it was then due under the written extension agreement. Upon this count the judgment is

based and appellee's first contention that the note matured on April 25, 1932, becomes unimportant.

Accordingly, the judgment of the trial court will be in all things affirmed.