## DONAUBAUER v. HEINEN et al.

### No. 8834.

Court of Civil Appeals of Texas. Austin.

Sept. 27, 1939.

Rehearing Denied Oct. 18, 1939.

Chas. T. Haltom, of San Antonio, for appellant.

Schleyer & Bartram, of New Braunfels, for appellees.

BAUGH, Justice.

Appeal is from a judgment in favor of appellees, defendants below, in a suit brought against them by appellant, after the trial court had sustained a general demurrer and a special exception to plaintiff's petition. Appellant sued to have canceled a vendor's lien note executed by him in 1931 to H. Leonards in part payment for certain lands in New Braunfels conveyed to him by Leonards; to restrain sale of said lands by Heinen, trustee in a deed of

trust executed to further secure its payment; and to quiet his title in said lands. The temporary injunction applied for was denied, and according to the allegations of the defendant, Mrs. Gertrude Wright, heir of Leonards and owner of the note, the lands were sold under the deed of trust and bought in by her after this suit was filed. By cross action she sought to have her title quieted as against appellant and a deficiency judgment against him for a balance claimed to be due on said note.

According to appellant's allegations he purchased from, and was conveyed by, H. Leonards the land in question on April 2, 1931, in part payment for which he executed his vendor's lien note for $2,100, payable in semi-annual installments of $100 each beginning October 1, 1931. Leonards died in March, 1933. As grounds for cancellation of said note appellant alleged:

"That on or about three days after said April 2, 1931, the date of said note, the said H. Leonards made the following proposition to plaintiff relative as to how said note may be paid off, that is to say:

"That said H. Leonards should give a credit on said note at every payment period of the sum of $100.00 plus the interest due, and if plaintiff should live so long then said note should be paid off in said manner; but if said H. Leonards should die before said note was paid in full in said manner, that then, nevertheless, the balance due on said note should be cancelled upon the death of said H. Leonards.

"That in consideration of said H. Leonards so receiving payment of said note, the plaintiff should do the yard work, such as mowing the lawn, trimming the trees, cleaning the yard of trash and leaves, of the said home of said H. Leonards; that plaintiff should also do the same work on other properties of said H. Leonards at New Braunfels, Texas; that plaintiff should do repair work on the said home of said H. Leonards and other properties of said H. Leonards at New Braunfels, Texas; that plaintiff should also do such other and further work that should be reasonable and should be requested by said H. Leonards. And also that plaintiff's wife, Melanie Donaubauer, should do the housework at the said home of said H. Leonards such as cooking his meals, washing his clothes, cleaning up the house, making up the beds, washing the dishes, and also do such other reasonable work that said H. Leonards might request her to do.

"That thereupon, on or about April 5, 1931, plaintiff and his said wife agreed to said proposition, and at all times since faithfully carried out said contract, and complied with said terms of said proposition and contract until the death of said H. Leonards."

To this petition the trial court sustained a general demurrer, and a special exception that: "Said petition declares upon an oral promise to make a gift inter vivos."

From appellees' brief we take it that the trial court concluded that the above quoted allegations but declared upon an oral promise of Leonards to make a gift to Donaubauer of the balance due on said note in the event Leonards should die prior to the last due date of the installments due on said note; that such a contract was executory and testamentary in character, not alleged to be in writing, and that consequently the pleadings were fatally defective.

■ In this we think the trial court erred. Of course, if the clear import of such pleadings was that of a gift inter vivos, the trial court was correct in that the essential requisites to give validity to such a gift were not alleged. See Peterson v. Weiner, Tex.Civ.App., 71 S.W.2d 544; Giles v. Giles, Tex.Civ.App., 94 S.W.2d 208. But as against a general demurrer, in which every intendment in favor of the sufficiency of the pleadings must be indulged, we conceive that an oral promise to make such gift, contingent upon the death of Leonards, is not the necessary and only construction to be placed upon the quoted allegations.

■ Nowhere is the value of the services of Donaubauer and his wife to Leonards alleged. It could as readily be inferred that such services contemplated in the agreement were worth more than the semiannual installments due on the note, as that they were valued only at the amount of such installments. The agreement or contract alleged was, in part at least, for payment of said note in services in lieu of money. It might be inferred that these services, in satisfaction or payment in full of said note, were to be rendered to Leonards as long as he lived, unless he should live until after the maturity date of the last installment on said note, in which event the note should be discharged in any event by such services. Termination of the contract, or a full satisfaction of the note, would in that case be contingent upon the

death of Leonards. If so considered, and under the pleadings we think proof would have been admissible on this question as against only a general demurrer, the contract alleged should not necessarily be construed, in case Leonards died prior to the due date of the last installment, as a contemplated gift of the installments maturing after his death, but as a performance of such contract and a full payment of said note.

■■ Because of the contingencies provided, i. e. termination of the contract upon the death of Leonards, unless he lived beyond the eleven-year period when the last installment of the note matured; and the nature and purposes of the services to be rendered, it was not such a contract as was required to be in writing under the statute of frauds, Vernon's Ann.Civ.St. art. 3995. Manifestly the services to be rendered Leonards by appellant and his wife, and which were alleged to have been rendered by them up to the death of Leonards, constituted a valuable consideration for such an oral contract. Jordan v. Abney, 97 Tex. 296, 78 S.W. 486. While appellant's pleadings are not as explicit as they might have been in the respects adverted to, we think they were sufficient as against a general demurrer to have entitled appellant to a trial on the merits of his case.

The judgment of the trial court is therefore reversed and the cause remanded for another trial.

Reversed and remanded.