# GERTRUDE WRIGHT V. EDWIN O. DONAUBAUER.

No. 7677. Decided July 9, 1941.
Rehearing overruled October 15, 1941.
154 S. W., 2d Series, 637.)

*Schleyer & Bartram,* of New Braunfels, for plaintiff in error.

The allegations of plaintiff declared upon a gift of the balance due on a vendor's lien at the death of the payee was a contract executory and testamentary in character, not alleged to be in writing, and was not in conformity with the statute regulating the execution of wills. Plaintiffs' pleadings were therefore defective and it was error for the Court of Civil Appeals to construe the pleadings as declared upon a valid and enforceable contract. Peterson v. Weiner, 71 S. W. (2d) 544; 12 R. C. L. 930.

*Chas. T. Halton,* of San Antonio, for defendant in error.

The agreement to cancel the balance due on the vendor's lien note at the death of payee, was not a gift of goods and chattels, and was not in conflict with Article 3998 of the statutes. Weems v. First National Bank, 234 S. W. 931; Schauer v. Von Schauer, 138 S. W. 145.

MR. JUSTICE SHARP delivered the opinion of the Court.

Edwin O. Donaubauer filed this suit against Emil Heinen, Trustee, and Mrs. Gertrude Wright, to cancel a vendor's lien note executed by him to H. Leonards in part payment for certain lots situated in New Braunfels, conveyed to him by H. Leonards; to restrain sale of said lots by Heinen, trustee in a deed of trust executed to further secure the payment of said note; and to quiet his title to the lots.

The trial court denied the temporary injunction applied for, and, according to the allegations of Mrs. Gertrude Wright, an heir of H. Leonards and owner of the note, the lots were sold under the deed of trust and were brought in by her after this suit was filed. She also filed a cross action, and sought to have her title quieted as against Donabauer and a deficiency judgment against him for the balance claimed to be due on the note. The trial court sustained a general demurrer and a special exception to Donaubauer's petition. An appeal was taken to the Court of Civil Appeals at Austin, and the judgment of the trial court was reversed and the cause remanded for another trial. 132 S. W. (2d) 166.

Donaubauer alleged that he purchased from H. Leonards certain lots, and that Leonards conveyed said lots to him on April 2, 1931, and in part payment therefor he executed his

vendor's lien note for $2100.00, payable in semi-annual installments of $100.00 each, beginning October 1, 1931. H. Leonards died in March, 1933. As a basis for his suit, and as grounds for cancellation of the vendor's lien note executed by him, Donaubauer made the following, besides other, allegations:

"That on or about three days after said April 2, 1931, the date of said note, the said H. Leonards made the following proposition to plaintiff relative as to how said note may be paid off, that is to say:

"That said H. Leonards should give a credit on said note at every payment period of the sum of $100.00 plus the interest due, and if plaintiff should live so long then said note should be paid off in said manner; but if said H. Leonards should die before said note was paid in full in said manner, that then, nevertheless, the balance due on said note should be cancelled upon the death of said H. Leonards.

"That in consideration of said H. Leonards so receiving payment of said note, the plaintiff should do the yard work, such as mowing the lawn, trimming the trees, clearing the yard of trash and leaves, of the said home of said H. Leonards; that plaintiff should also do the same work on other properties of said H. Leonards at New Braunfels, Texas; that plaintiffs should do repair work on the said home of said H. Leonards and other properties of said H. Leonards at New Braunfels, Texas; that plaintiff should also do such other and further work that should be reasonable and should be requested by said H. Leonards. And also that plaintiff's wife, Melanie Donaubauer, should do the housework at the said home of said H. Leonards, such as cooking his meals, washing his clothes, cleaning up the house, making up the beds, washing the dishes, and also do such other reasonable work that said H. Leonards might request her to do.

"That thereupon, on or about April 5, 1931, plaintiff and his said wife agreed to said proposition, and at all times since faithfully carried out said contract, and complied with said terms of said proposition and contract until the death of said H. Leonards."

It was further alleged that Leonards died on March 29, 1933, leaving as his sole heir Mrs. Gertrude Wright; that upon

the death of Leonards plaintiff considered and believed the vendor's lien note paid off and cancelled; that shortly after the death of Leonards he attempted to explain to Mrs. Wright the terms of the contract, and she referred him to her agent, Otto Warnecke; that he did talk with Warnecke, who said he recognized the contract and plaintiff's rights thereunder; and that plaintiff heard nothing more about the note or its payments until shortly before December 15, 1937, when he learned that the trustee had posted notices of the sale of the property.

It further appears that suit was filed January 24, 1938. On January 31, 1938, the court, after a hearing, denied the temporary injunction prayed for. Thereafter the property was sold under the deed of trust, and Mrs. Wright became the purchaser.

On March 18, 1938, Mrs. Wright filed her original answer and cross action, which contained a general demurrer and special exceptions. The trial court sustained the general demurrer and the special exception that, "Said petition declares upon an oral promise to make a gift inter vivos."

Plaintiff in error contends, in substance, that the petition is insufficient as against a general demurrer, because (1) the alleged contract is executory and testamentary in character, and is not alleged to be in writing, and does not conform to the statutes governing the execution of wills; (2) that such contract is not in writing, as required by the Statute of Frauds; and (3) that it is lacking in mutuality, and is not based upon a valuable consideration.

The petition clearly shows that H. Leonards, who had conveyed to Donaubauer the lots for which a vendor's lien note was executed, agreed that the payments could be paid in services to be rendered him by Donaubauer and his wife, instead of in cash as specified in the note, as alleged in the petition.

Plaintiff in error asserts that the alleged contract, being oral, is in violation of Article 3998, R. C. S. 1925, which provides that no gift of any goods or chattels shall be valid unless by deed or will duly acknowledged or proven up and recorded. This suit is not to enforce a gift of any character, and, therefore, does not fall within the terms of the foregoing article.

The cause of action involved here is based on a contract

which had been performed in part by Donaubauer and his wife; and their services had been accepted by Leonards. Certainly the parties had a right to make such contract. The Donaubauers under this contract could make their payments by performing certain services for Leonards during his lifetime. The contract also provided that, in the event of the death of Leonards the liability on the note should cease.

**1** It clearly appears from the allegations that the services to be rendered by Donaubauer and his wife, and which were rendered by them up to the death of Leonards, furnished a valuable consideration for such contract. Jordan v. Abney, 97 Texas 296, 78 S. W. 486.

**2** By the terms of the contract, same would be terminated by the death of Leonards, which might have occurred at any time after the making of the contract. This contingency might have happened in less than a year after the making of the contract, and on its happening would have terminated the contract. To condemn a contract as violating the Statute of Frauds, it must appear from the agreement itself that it is not to be performed within a year after its execution. This contract carries no such provision. Therefore such contract, under the decisions of this Court, did not violate Section 5 of Article 3995, R. C. S. 1925. 20 Tex. Jur., pp. 252-256; Thouvenin v. Lea, 26 Texas 612; Weatherford, M. W. & N. W. R. Co. v. Wood, 88 Texas 191, 30 S. W. 859; Wellington Oil Co. v. Maffi (Com. App.), 150 S. W. (2d) 61; Parsons v. Parsons, 275 S. W. 200, aff. 284 S. W. 933; Great Atlantic & Pacific Tea Co. v. Warren, 44 S. W. (2d) 510, writ refused.

Was the contract in this instance mutual as between Leonards and the Donaubauers, and were the services performed by the Donaubauers, which were a consideration different from that expressed in the vendor's lien note, a sufficient consideration for the enforcement of the contract?

**3** It is alleged that the vendor's lien note had already been executed, and that the payment of the installments described therein were to be paid in money. The parties subsequently agreed that the method of payment would be changed. The new agreement was carried out. This furnished the element of mutuality which is necessary to make a binding contract.

When Donaubauer accepted the terms offered by Leonards,

alleged in the petition, he and his wife were then required to
do something different in character from that which he was
legally bound to do as stipulated in his note; and as he did
something different from what was required of him in such
note, this was a sufficient consideration to support the con-
tract made. As stated in I Williston on Contracts, p. 263,
sec. 121:

"If a debtor does something more or different in character
from that which he was legally bound to do, this is sufficient
consideration for a promise. Accordingly, if a debtor pays
his debt or part of it * * * in a medium of payment different
from that for which he was bound * * * the consideration is
sufficient to support a promise by the creditor." To the same
effect, see 17 C. J. S., 468; 13 C. J., 355, note 63.

The case of Heisch v. Adams, 81 Texas 97, involved the
sufficiency of the consideration expressed in a parol contract,
which related to certain vendor's lien notes executed as the
purchase money for the payment of land to which the vendor
had no title. Subsequent to the execution of the deed and notes,
the vendor and the vendee agreed that the vendor would obtain
a patent from the State to the land, and in that event the vendee
would pay the vendor's lien notes executed by him. The
sufficiency of the consideration in the parol contract relating
to the notes was questioned. This Court held that the obtaining
of the patent by the vendor was sufficient to sustain the con-
sideration of the new contract. In the course of the opinion
it was said:

"It is contended that as the only consideration of the parol
agreement upon the part of the defendant was to pay notes
for which he was already bound, there was nothing to bind
plaintiffs to perform the agreement, and that it must there-
fore fail for want of mutuality. We have no doubt about the
correctness of the proposition contended for, and that before
plaintiffs had done something in the way of procuring the
patent the agreement was not binding upon either party.

"In Bishop on Contracts, section 87, it is said 'A contract
if often such that until something is done under it, the con-
sideration is imperfect, yet a partial performance or complete
performance on one side supplies the defect. If for example
one promises another, who makes no promise in return, to
pay him money when he shall have done a specified thing, if
he does it, not only is the contract executed on one side, but

also the consideration is perfected and payment can be enforced.'

"'A contract arises upon executed consideration when one of the two parties has, either in the act which amounts to a proposal or the act which amounts to an acceptance, done all that he is bound to do under the contract, leaving an outstanding liability on one side only.' Anson on Contracts, 116."

In the light of the foregoing rules announced by this Court, we think that the allegations contained in the petition were sufficient as against the general demurrer and the special exception which were sustained by the trial court.

The Court of Civil Appeals correctly held that the trial court committed error in sustaining the general demurrer and special exception, and was correct in reversing and remanding the cause to the trial court for another trial. Therefore the judgment of the Court of Civil Appeals is affirmed.

Opinion delivered July 9, 1941.

Rehearing overruled October 15, 1941.