Adams & Browne and Gilbert T. Adams, Beaumont, for appellant.

Cureton & Lanham, Waco, Keith, Mehaffy, McNicholas & Weber and Quentin Keith, Beaumont, for appellee.

Mike **KOUCHOUCOS**, Appellant,

v.

**Ray H. GILLIAM**, Appellee.

No. 16066.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 23, 1959.

Rehearing Denied Nov. 20, 1959.

RENFRO, Justice.

This is a suit on an oral contract. Appellant, Mike Kouchoucos, alleged that in September of 1956 he and appellee Ray H. Gilliam entered into a contract whereby appellant was to operate the Beaumont Petroleum Club and to receive for his services seventy per cent of the membership fees and dues paid by the members and seventy per cent of the gross income from the club. The club actually opened on June 1, 1957, and appellant's connection with the club was terminated on June 15. Appellee refused to pay appellant the seventy per cent claimed for membership fees and dues collected up to June 15; hence this suit.

Concerning the duration of the contract, appellant testified, "it was under the same terms, a ten year lease or terminated on my death." By "under the same terms", he referred to a. written contract between the same parties on another venture. The language of the written contract reads, as to duration, "The term of this contract and agreement shall be for a period of ten years * * *. This contract and agreement shall, however, terminate on the death of the Operator (appellant) * * *."

After appellant rested, the court granted appellee (defendant) an instructed verdict on the ground appellant's cause of action was barred by Article 3995, R.C.S. Vernon's Ann.Civ.St. art. 3995. The pertinent part of said statute is as follows: "No action shall be brought in any court in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized:

 *     *     *     *     *     *

"5. Upon any agreement which is not to be performed within the space of one year from the making thereof."

In Chevalier v. Lane's, Inc., 147 Tex. 106, 213 S.W.2d 530, 531, 6 A.L.R.2d 1045, the Supreme Court, after noting "The employment period was fixed in calendar terms, so to speak, and contained no reference to the possible death of plaintiff or other contingency that might prematurely terminate the arrangement", held: " * * * where, by the terms of the oral agreement, its period is to extend beyond a year from the date of its making, the mere possibility of its termination by operation of law within the year, because of death or other fortuitous event, does not render paragraph 5 of the Statute inapplicable, but that, on the other hand, where the agreement may, by its own terms, be fully performed within the year, as, for example, the agreement in Wright v. Donaubauer, 137 Tex. 473, 154 S.W.2d 637, 639, for employment during the term of a man's life, the Statute does not

apply." The Court added, "We also take occasion here to reaffirm our holding in Wright v. Donaubauer (154 S.W.2d 637) * * *." The Wright case holds: "By the terms of the contract, same would be terminated by the death of Leonards, which might have occurred at any time after the making of the contract. This contingency might have happened in less than a year after the making of the contract, and on its happening would have terminated the contract. To condemn a contract as violating the Statute of Frauds, it must appear from the agreement itself that it is not to be performed within a year after its execution. This contract carries no such provision. Therefore such contract, under the decisions of this Court did not violate Section 5 of Article 3995, R.C.S.1925 * * *."

In Hall v. Hall, Tex., 308 S.W.2d 12, 14, the court wrote: "The basic rule is, of course, that, in order to fall within the statute, it must appear from the terms of the contract that performance cannot be completed within one year."

In Goodwin v. Southtex Land Sales, 243 S.W.2d 721, 725, the San Antonio Court of Civil Appeals held: " 'To fall within the words of the provision, therefore, the agreement must be one of which it can truly be said at the very moment that it is made, "This agreement is not to be performed within one year" * * *.' "

■■■  Under the authorities, when, under the terms of an oral agreement, an employment is to close on a contingency which may happen within a year, the oral agreement is not within the statute. The "contingency" in the instant contract is the possible death of appellant within one year from the date of the contract. We think the parties had that contingency in mind when they agreed "This contract and agreement * * * shall, however, terminate on the death of the Operator." In our opinion, the contract was one, which by its terms could have been performed, as that term is construed by the authorities, within one year. It follows that we are of the opinion the trial court erred in instructing a verdict for defendant.

Appellee, by counterpoints, contends that the instructed verdict should be sustained on other grounds presented to, but not sustained by, the trial court; namely, (second counterpoint) "Appellant having established that his alleged contract with a co-promoter of a proposed corporation was later adopted by and the corporation accepted the benefits thereof without repudiation of the liability thereby destroyed any claim against his co-promoter"; and (third counterpoint) "Appellant having conclusively established that only preliminary negotiations contemplating the execution of a written contract were ever had between the parties, the trial court properly instructed the verdict for appellee."

From our study of the record, including the 218 page statement of facts, we must agree with the trial court that the evidence did not, as a matter of law, establish the defenses raised by appellee in his second and third counterpoints. The evidence presented fact matters for jury determination.

The judgment is reversed and remanded for a new trial.

Reversed and remanded.